BENJAMIN F. CANADAY, Appellant, v. ARCH AMUSEMENT COMPANY, INC., and X AMUSEMENT COMPANY, INC., Respondents.

First Department, November 9, 1917.

**Debtor and creditor — fraud — action, in aid of execution, to set aside alleged fraudulent assignment of lease — evidence — burden of proof — voluntary conveyance by debtor evidence of fraud.**

In an action in aid of execution to reach a lease alleged to have been fraudulently transferred by the defendant debtor to the defendant assignee, brought after the return of an execution unsatisfied, it appeared that the assignment was made five days before plaintiff's action against the assignor appeared upon the day calendar for trial, and was recorded on the day after judgment was entered, and recited that it was in consideration of one dollar. Evidence examined, and *held*, not only insufficient to sustain the burden of proof resting upon the defendant assignee of showing its good faith in the receipt of the lease, but to indicate the bad faith of the defendant, and that, therefore, a judgment dismissing the complaint should be reversed and a new trial granted.

The return of execution unsatisfied was *prima facie* proof that the assignor had no property at the time said execution was issued.

The recital of one dollar as the consideration of the assignment was an admission by both parties as to the consideration actually paid, and in the absence of other evidence was proof that the assignment was voluntary.

A voluntary conveyance by one indebted at the time is affirmative evidence of fraud on the part of both parties.

APPEAL by the plaintiff, Benjamin F. Canaday, from a judgment of the Supreme Court in favor of the defendant X Amusement Company, Inc., entered in the office of the clerk of the county of New York on the 28th day of March, 1917, upon a dismissal of the complaint as to the X Amusement Company, Inc., at the close of the case.

*David L. Fultz*, for the appellant.

*S. C. Sugarman*, for the respondents.

SMITH, J.:

The action was brought to set aside an assignment of a lease made by the defendant Arch Amusement Company

to the defendant X Amusement Company on or about the 19th day of May, 1915, as fraudulent and void as to the plaintiff herein, and to permit the plaintiff to sell the leasehold interest under an execution theretofore issued against the defendant Arch Amusement Company upon a judgment obtained by the plaintiff against said company on or about the 4th day of November, 1915, for $4,668.62 damages, and to direct the sheriff to sell the said property upon the execution, with the same effect as though no assignment of lease had been made.

In January, 1913, the lease of certain property was made by the New York Railways Company to one Eissick Gappleberg for a term of twenty-one years. This lease was assigned to the defendant Arch Amusement Company in January, 1913. The Arch Amusement Company leased the premises to the plaintiff for five years from May 1, 1914, after having constructed thereupon a moving picture theatre. Thereafter the plaintiff obtained a judgment against the Arch Amusement Company for $4,668.62. Upon that judgment execution was issued and returned *nulla bona*, and this action is brought in aid of the execution to reach the lease which the Arch Amusement Company transferred to the X Amusement Company. This assignment was dated May 19, 1915, and recited that it was in consideration of one dollar. After making proof of the above facts the plaintiff rested, whereupon the defendant moved to dismiss the complaint for lack of proof, which motion was granted.

This assignment was dated on the 19th day of May, 1915, five days before plaintiff's action against the Arch Amusement Company appeared upon the day calendar for trial. The assignment was recorded on the 5th day of November, 1915, the day after judgment was entered against the defendant Arch Amusement Company in said action. The return of the execution unsatisfied is *prima facie* proof that the Arch Amusement Company had no property at the time that said execution was issued. The recital of one dollar as the consideration of the assignment is an admission by both parties as to the consideration actually paid, and in the absence of other evidence is proof that the assignment was voluntary. (*Hill* v. *Hoole*, 116 N. Y. 299; *Wadleigh* v. *Wadleigh*, 111 App. Div. 367;

*Smith* v. *Reid*, 134 N. Y. 568.) In the latter case, where the consideration for the transfer was one dollar, the court said that the rule is well settled that a voluntary conveyance by one indebted at the time is presumptively fraudulent. A voluntary conveyance by one indebted is presumptive evidence of fraud on the part of both parties. (*Smith* v. *Reid*, 134 N. Y. 575; *Ga Nun* v. *Palmer*, 216 id. 611.) In the latter case it is said: " The rule is that a transfer without consideration by one who is then a debtor raises a presumption of fraud. The creditor may stand upon that presumption until it is repelled. It is not for him to show what other property was retained. * * * *Kain* v. *Larkin* (131 N. Y. 300), to the extent that it held to the contrary, has now been overruled."

The evidence adduced then raising a presumption of fraud in the transfer of this lease, put the burden upon the defendant of showing its good faith in the receipt thereof. Not only was this burden not met, but all the facts of the case indicate the bad faith of the defendant, the X Amusement Company, the assignee of the lease. For several years one Samuel A. Singerman had been the attorney for the debtor, the Arch Amusement Company. He incorporated the company in 1913. He drew the lease to the plaintiff. Later he acted as attorney for the debtor in the action for the recovery of the judgment upon which this action is based. While that action was pending he took the acknowledgments of the incorporators of the defendant the X Amusement Company, and on May tenth he filed the certificate. On May nineteenth the assignment of the lease was made to the X Amusement Company, of which Singerman's assistant was an incorporator and director and the majority stockholder, and the facts all indicate that Singerman, the attorney for the Arch Amusement Company, the plaintiff's debtor, was in fact the one who incorporated the X Amusement Company, apparently for the purpose of taking the assignment of this lease to defeat the plaintiff's cause of action.

These facts lead to a reversal of the judgment and the granting of a new trial, with costs to the appellant to abide the event.

The court reverses the finding of fact that the Arch Amusement Company was not guilty of fraud in the transfer of the

lease in question to the X Amusement Company, and also the further finding that the X Amusement Company had no knowledge of that fraud and was not put upon inquiry with respect thereto at the time that it received the assignment of the lease.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.