JULIUS BERNDT, Plaintiff, *v.* EVA P. BERNDT et al., Defendants.

Supreme Court, Special Term, Onondaga County, April 29, 1948.

*Eugene H. Klein* for plaintiff.

*Helen McCarthy Rivette* for defendants.

BASTOW, J.   Plaintiff brings this action to set aside a deed dated October 27, 1947, by which the defendant Eva P. Berndt conveyed to her brother, William J. Seibel, the codefendant, a parcel of land in the town and county of Onondaga, New York. The deed was acknowledged October 28, 1947 and recorded in the Onondaga County Clerk's office on October 29, 1947 at 9:04 A.M.

On October 29, 1947, at 4:18 P.M. there was filed and docketed in the Onondaga County Clerk's office a judgment in the sum of $1,232.36 in favor of the plaintiff against the defendant, Eva P. Berndt, who was the wife of plaintiff. This judgment had been recovered on October 28, 1947, in the Municipal Court of Syracuse. An execution was issued and returned unsatisfied on October 30, 1947.

On October 29, 1947, an order was made by the Onondaga County Judge requiring the judgment debtor to appear and be examined in proceedings supplementary to the described judgment. Several attempts were made to serve this order and on December 18, 1947, service was made of the order, as amended, requiring the judgment debtor to appear for examination on December 29, 1947. She did not appear and on December 29, 1947, the Onondaga County Judge made an order requiring the judgment debtor to show cause why she should not be punished for her alleged contempt. A deputy sheriff testified as to his efforts to serve this order but service was not effected.

On February 28, 1948, the Onondaga County Judge made an order in proceedings supplementary to the described judgment requiring William Seibel, one of the defendants in this action, to appear for examination on March 15, 1948. This order was served on March 3, 1948, but Seibel did not appear for examination pursuant to the provisions of the order.

Testimony was adduced upon the trial that on the 29th day of October, 1947, the defendant, Eva P. Berndt, withdrew the entire balance of $1,905.98 on deposit in her name in an account with the Syracuse Savings Bank. The account was opened on October 2, 1945.

No evidence was offered upon the trial by either defendant. The answer, however, admits that on October 28, 1947, the defendant, Eva Berndt, was the owner of certain described premises, which are the same premises conveyed by the deed sought to be set aside.

The deed under attack recites a consideration of one dollar paid by the defendant, Seibel, as the consideration for the conveyance of the property by the defendant, Mrs. Berndt. No further consideration was alleged in the instrument.

The general subject of fraudulent conveyances is now dealt with mainly in the Debtor and Creditor Law. Section 273 of that law provides that " every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

In the instant case the conveyance was recorded on October 29, 1947. Two days later the execution issued upon plaintiff's judgment was returned unsatisfied. The return of an execution unsatisfied is prima facie evidence of insolvency, and in such case the burden of going forward to show that the judgment debtor retained sufficient other property to pay the obligation is upon him. (*Leifer* v. *Murphy,* 149 Misc. 455, and cases therein cited.)

" Fair consideration " as used in the statute is deemed to be given when in exchange for the property " as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied " or where the property " is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property * * * obtained." (Debtor and Creditor Law, § 272.)

The deed sought to be set aside recites a consideration of one dollar. The recital of such amount is an admission by both parties as to the consideration actually paid. (*Canaday* v. *Arch Amusement Co., Inc.,* 179 App. Div. 842.)

There have been attached to the deed United States internal revenue stamps in the amount of $1.10, which would be required if the actual consideration was more than $500 and did not exceed $1,000. (U. S. Code, tit. 26, § 3482.) It has been stated in a decision not involving an alleged fraudulent conveyance that in the absence of direct evidence the amount of revenue stamps affixed to a deed creates a presumption as to the amount received by the grantor. (*Matter of McGeehin,* 134 Misc. 334.) This court would be reluctant to find such a presumption in the instant case in the face of the recital in the deed that the consideration was one dollar and the absence of any statement that there was other good and valuable consideration. The apparent admission by both parties as to the consideration actually paid is not overcome by the presence on the deed of internal revenue stamps when it is not shown by whom or under what circumstances the stamps were placed on the instrument. Under the circumstances, and under the state of the law, if the defendant grantee would protect himself he owed a duty fully to inform the court as to the consideration paid beyond a nominal consideration, if any. A nominal consideration was not, under the evidence, a " fair consideration." (*Emmi* v. *Patane,* 128 Misc. 901, 904.)

Furthermore, testimony was received upon the trial that the property conveyed had a fair market value of $7,000. No

evidence was offered to dispute this appraisal. If a presumption should be created that the internal revenue stamps on the deed fixed the consideration at the sum of $1,000, it is found that such amount was disproportionately small as compared with the value of the property and did not constitute fair consideration within the provisions of section 272 of the Debtor and Creditor Law.

At the time of the conveyance the plaintiff was a creditor of the defendant grantor. Section 270 of the Debtor and Creditor Law defines a creditor as " a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent. ' Debt ' includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent.''

The deed in question was dated the day previous to the recovery by plaintiff of the judgment in Municipal Court on October 28, 1947. It was acknowledged on October 28, 1947 and was recorded on October 29, 1947. There was no attesting witness to the deed. Section 243 of the Real Property Law provides that a deed which has no attesting witness, does not take effect against a creditor until it is proved or acknowledged. Therefore, the conveyance did not antedate the recovery of judgment by the plaintiff. Furthermore, the defendants by their respective answers admit that the defendant grantor was the owner of the property on October 28, 1947.

The conclusion is reached that the conveyance was made without a fair consideration by the defendant, Berndt, who was thereby rendered insolvent, and was fraudulent as to the plaintiff. The defendant grantee has not placed himself in a position where he can claim any of the benefits or relief provided for in section 278 of the Debtor and Creditor Law.

The plaintiff is entitled to judgment setting aside the conveyance.

Submit findings.