Bernard S. Meyer, J.
In this action plaintiff seeks to set aside a conveyance of an interest in real property as in fraud of creditors. The property was held by defendants Thomas and Sandra Finnigan as tenants by the entirety and on October 28, 1969 was conveyed by them to Sandra Finnigan alone. Though executed and acknowledged on October 28, 1969, the deed was not recorded until April 24, 1970 at which time $5.50 *1008 in revenue stamps was affixed. Thomas Finnigan is in default and both he and Sandra Finnigan, despite repeated advice from the court to retain lawyers, have failed to do so.
Plaintiff by summons dated August 21, 1969 brought suit against Thomas Finnigan for money loaned. Substituted service under CPLR 308 (subd. 4) was made on October 8, 1969 and proof of service was filed with the Clerk on October 14, 1969. Service under CPLR 308 (subd. 4) is “ complete ten days after filing”. The conveyance on October 28, 1969 was, therefore, made while Thomas Finnigan was ‘ ‘ a defendant in an action for money damages ” and under section 273-a of the Debtor and Creditor Law ‘ ‘ is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment ’ ’ and if it was ‘ ‘ made without fair consideration.” The section was added in 1963 on the recommendation of the Advisory Committee on Practice and Procedure, which included the following sentence (Third Preliminary Report of the Advisory Committee on Practice and Procedure [N. Y. Legis. Doc., 1959, No. 17], p. 288): “ Even if the gift was made without intent to defraud and if the judgment debtor was not rendered insolvent thereby and is not insolvent after judgment but simply chooses not to satisfy it, there is nevertheless no reason for requiring the judgment creditor to pursue him rather than a gratuitous recipient of the debtor’s assets.” Plaintiff is, therefore, entitled to judgment if the proof establishes that the conveyance to Sandra Finnigan was without consideration and that Thomas Finnigan has failed to satisfy the judgment.
The burden of proof on both issues is on plaintiff (Fox v. Sizeland, 170 Misc. 390; United States v. Kaplan, 267 F. 2d 114) but proof that Thomas Finnigan was a defendant in an action for money damages at the time of transfer casts upon defendants the burden of coming forward with evidence disclosing the nature of the consideration that passed between them (Neilson v. Sal Martorano, Inc., 36 A D 2d 625; see Cody v. Hovey, 256 App. Div. 1038). Called as a witness by plaintiff, Sandra Finnigan testified that at the time of conveyance she and Thomas Finnigan were living separately, though in the same house, and that “ our interests were divided between us ” at which time she received money from Thomas Finnigan. Though she testified that there was a mortgage on the house when purchased, the evidence does not disclose the present status of the mortgage or whether she assumed it (cf. Eskelson v. Inter- *1009 County Tit. Guar, & Mtge. Co., 207 N. Y. S. 2d 27). Though, as noted above, the deed bore $5.50 in revenue stamps, the inference of consideration arising from the presence of such stamps is, it appears, not applicable in an action to set aside a fraudulent conveyance (Berndt v. Berndt, 192 Misc. 57; cf. Matter of McGeehin, 134 Misc. 334), and in any event is not a reasonable inference to draw when the grantee, testifying, gives no evidence concerning consideration passing to the grantor and when the fact is that the stamps were not affixed until April 24, 1970, just four days before trial of the action and less than a month before entry of judgment. That being so, and the evidence establishing that only approximately $600 has been paid, through garnishee execution, against the judgment of $3,121.90, plaintiff has established his right to have the deed set aside “to the extent necessary to satisfy his claim” (Debtor and Creditor Law, § 278, subd. 1, par. a).
To what extent it is necessary to set aside the deed to Sandra Finnigan to satisfy plaintiff’s claim is, however, not entirely clear. Against all the world except plaintiff (and other similarly situated creditors, if any) the conveyance is perfectly valid. Though some $2,500 plus interest remains due on the judgment, Sandra and Thomas Finnigan have not been shown to be divorced. If the conveyance is set aside, plaintiff will be entitled to sell only Thomas Finnigan’s interest as a tenant by the entirety. The court may take judicial notice of the facts that the purchaser of that interest will take nothing unless Sandra and Thomas Finnigan are divorced or Sandra predeceases Thomas, and that the gamble which the purchaser must take has material bearing upon the amount for which Thomas ’ interest can be sold. If that amount is in fact less than the balance due on the judgment, plaintiff can obtain satisfaction of his judgment from the property only to the extent of the lesser sum. If defendants or either of them can, by refinancing the mortgage or other borrowing, obtain sufficient funds to pay to plaintiff that lesser sum, there will be no necessity for setting aside the conveyance. Under the circumstances and particularly since defendants are without counsel, the matter will be set down before me for conference on Tuesday, February 15, 1972 at 9:30 a.m. at Trial Term, Part IV, and if necessary for the fixing of a date for further hearing concerning the present value of Thomas Finnigan’s interest in the property.
Entry of judgment will be withheld until completion of such further proceedings.