■ CLAUDE BASTIEN, Respondent, v NICOLE BASTIEN, Appellant. — In an action to impress constructive trusts on two developed parcels of real property, defendant appeals from a judgment of the Supreme Court, Kings County (Aronin, J.), dated April 15, 1980, which, after a nonjury trial, granted judgment in favor of the plaintiff. Judgment affirmed, without costs or disbursements. On this record, the trial court could clearly find that the evidence adduced was sufficient to sustain the plaintiff husband's contention that the transfers were made by him in reliance upon the defendant wife's agreement to reconvey the parcels of real property to him upon demand after his financial problems had been resolved, and to rebut defendant's assertion that a gift was intended (see *Rickerman v Rickerman,* 34 AD2d 1069). We find no merit to defendant's contention that the action is barred by the Statute of Frauds or

that the plaintiff failed to factually establish a constructive trust. In dealing with the problem of a repudiation of an agreement between parties enjoying a confidential relationship, "the ordinary rules imposed by the Statute of Frauds, the Statute of Wills, the parol evidence rule, and that governing statements in derogation of title, are not applicable. Equity in this area has always reached beyond the facade of formal documents, absolute transfers, and even limiting statutes on the law side" *(Tebin v Moldock,* 19 AD2d 275, 284-285, mod on other grounds 14 NY2d 807). Hopkins, J. P., Damiani, Gibbons and Weinstein, JJ., concur.