■ RALPH FLINT, Formerly Known as IZZY R. FINKELSTEIN, et al., Appellants, v JANET SHAIMAN, Respondent. — In an action, inter alia, to impress a constructive trust and for a declaration that the plaintiffs are the sole owners of a certain parcel of real property located in Suffolk County, plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 13, 1983, which denied their motion for a new trial, and (2) a judgment of the same court, entered September 1, 1983, which was in favor of the defendant and against them.

Appeal from the order dismissed (see, Matter of Aho, 39 NY2d 241, 248).

Judgment modified, on the law, by adding a provision declaring that the plaintiffs are not the sole owners of the premises in question. As so modified, judgment affirmed.

Respondent is awarded one bill of costs.

Upon a review of the record, we agree with the conclusion of Trial Term that plaintiffs have failed to sustain their burden of proving the requisite elements of a constructive trust (see, Sharp v Kosmalski, 40 NY2d 119, 121). Inasmuch as there was a failure of proof on their part, plaintiffs cannot prevail upon the

merits of this action. However, the rights of the parties should still have been declared by the trial court (*see, Lanza v Wagner*, 11 NY2d 317, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Gibbons, J. P., O'Connor and Lawrence, JJ., concur.

Weinstein, J., concurs with respect to the dismissal of the appeal from the order but otherwise dissents and votes to reverse the judgment, declare plaintiffs to be the sole owners of the subject premises, and order defendant to execute and deliver a deed to plaintiffs, with the following memorandum:

Plaintiffs purchased the property which is the subject of this lawsuit in 1956 for the sum of $14,990. Milton Shaiman, defendant's ex-husband, has served as plaintiffs' accountant since 1957. In 1963, plaintiffs, who were experiencing financial difficulties and who already had a bad credit rating, arranged for the refinancing of their home. The property was thereafter conveyed to the Shaimans, defendant having been designated a grantee at the request of the mortgagee, the Lincoln Savings Bank. As a result of the conveyance, Milton Shaiman was able to procure a new mortgage combining plaintiffs' first and second mortgages into a single payment and extending the term of the second. Defendant was not present at the closing, nor had she ever inspected the premises from inside prior to her "purchase".

Both plaintiffs and the Shaimans were represented by the same attorney at the closing. Significantly, plaintiff Ralph Flint claimed to have received no consideration for the transfer, notwithstanding the fact that the deed bore Internal Revenue stamps in the sum of $24.20. Plaintiffs also incurred such expenses as points and a title company fee.

The Shaimans were divorced in 1975. Pursuant to a deed dated August 20, 1975 and thereafter recorded, Milton conveyed to plaintiffs' son, without consideration, his interest in the subject property. Plaintiffs' son subsequently transferred title to his parents. At plaintiffs' request, the Lincoln Savings Bank, as the mortgagee, released defendant from any obligation on the note and mortgage.

Notwithstanding plaintiffs' demand, defendant has refused to execute and deliver to them a deed conveying her interest in the subject premises. Thus, at the time of trial, plaintiffs and defendant each held a record one-half interest.

In support of plaintiffs' claim of ownership, the following evidence was adduced at trial: that they resided in the subject premises since 1956 and raised their two children there; that they made all mortgage payments to the Lincoln Savings Bank since October 1963, the date of the purported transfer of the

property to the Shaimans; that said payments were inclusive of taxes on the house; that plaintiffs took the appropriate income tax deductions; and that plaintiffs made numerous improvements to the property subsequent to the 1963 conveyance including the installation of a double-sized driveway with new walkways at a cost of approximately $1,500, a new cesspool, complete landscaping of the property, reshingling the house, installation of new windows and storm doors, gutters and leaders, flooring and carpeting, kitchen and bathroom fixtures, air conditioning and electric wiring and the conversion from oil to gas heat. The trial court concluded that the requisite elements for the creation of a constructive trust had not been satisfied, noting that plaintiffs' payment of the mortgage, taxes and insurance on the premises was consistent with a landlord-tenant relationship. I disagree.

In the language of Judge Cardozo, "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee" (*Beatty v Guggenheim Exploration Co.*, 225 NY 380, 386). The four factors to be considered in ascertaining whether the imposition of a constructive trust is warranted are the existence of a fiduciary or confidential relationship, a promise, a transfer in reliance thereon and unjust enrichment (*Sharp v Kosmalski*, 40 NY2d 119, 121). It has been held that a court of equity in imposing a constructive trust is not bound by any unyielding formula. Rather, it is the equity of the transaction which shapes the measure of relief (*Simonds v Simonds*, 45 NY2d 233, 243; *Beatty v Guggenheim Exploration Co., supra,* p 389).

In the instant case, the trial court properly found that "[p]laintiff's testimony supports a finding that a confidential relationship existed between [Mr.] Flint and [Mr.] Shaiman and that the conveyance to the Shaimans was made in reliance thereon". An express promise is not a *sine qua non* inasmuch as a promise may be inferred from the transaction itself (*Sharp v Kosmalski, supra,* p 122). For example, under circumstances where the husband's parents were listed as co-owners on a deed but where the plaintiff and her husband inhabited the subject residence and continued to pay all affiliated expenses, this court implied a promise that the listing on the deed was solely for the convenience of the mortgagee and that the husband's parents could not assert any ownership interest (*Reiner v Reiner*, 100 AD2d 872). Similarly, the case at bar admits of an implied promise on the part of the Shaimans to reconvey the subject

property to plaintiffs at some point after the desired mortgage was obtained on plaintiffs' behalf (*cf. Scivoletti v Marsala,* 97 AD2d 401, *affd* 61 NY2d 806, where the record did not contain evidence to support a finding of any promise, express or implied, to convey the subject premises to the plaintiff).

Under the circumstances of this case, the failure to impose a constructive trust on plaintiffs' behalf vis-à-vis the subject premises would result in defendant being unjustly enriched. Although defendant claims that her one-half interest was part of the consideration relied upon in the Shaimans' divorce settlement, the judgment of divorce does not refer specifically to that property. Thus, defendant's assertion of the defense of laches emanating from plaintiffs' delay in commencing the instant action was improper absent proof of any real prejudice accruing to her (*Augustine v Szwed,* 77 AD2d 298, 302).

The unexplained presence of tax stamps on the 1963 deed from plaintiffs to the Shaimans does not compel a contrary result. In the absence of direct evidence, the amount of revenue stamps affixed to a deed creates a presumption as to the amount received by the grantor (*Berndt v Berndt,* 192 Misc 57, 60; *Matter of McGeehin,* 134 Misc 334, 335). Such a presumption is, however, a rebuttable one (*see, Petretti v Finnigan,* 68 Misc 2d 1007, 1009). It is not reasonable to find such a presumption in the face of Ralph Flint's unrebutted testimony that plaintiffs received no consideration in return for the transfer of their property to the Shaimans. To hold otherwise under these circumstances is to allow defendant a windfall for which she has shown no entitlement.