■ ARMOND V. DOMINELLO, JR., et al., Appellants, v ELIZABETH K. DOMINELLO, Respondent.—In an action, *inter alia,* to impress a constructive trust upon the proceeds of a sale of real property, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Edelstein, J.), dated March 11, 1985, which granted a motion by the defendant pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Order affirmed, with costs.

The deed proffered by the defendant in support of her motion to dismiss constituted a valid defense to the action founded upon documentary evidence (CPLR 3211 [a] [1]). The deed established that the property in question was held by the plaintiffs' decedent and the defendant, as husband and wife, as tenants by the entirety and, therefore, upon the death of one spouse, the surviving spouse remained seized of the whole, i.e., the entire estate *(Matter of Violi,* 65 NY2d 392, 395). This was so despite the fact that each spouse had commenced an action for divorce against the other, which actions were pending at the time of the decedent's death. So long as both spouses were living, the tenancy by the entirety remained intact and could be terminated only by certain definite acts including, *inter alia,* a judicially decreed separation or divorce or the execution of a written instrument conforming to the requirements of General Obligations Law § 3-309 *(Matter of Violi, supra,* p 395). It is undisputed that none of these prescribed acts occurred in this case.

Moreover, upon the facts alleged by the plaintiffs in opposition to the motion, there is no basis for the imposition of a constructive trust upon the proceeds of the sale of the marital residence by the defendant *(see, Flint v Shaiman,* 108 AD2d 777, *affd* 67 NY2d 679).

We have considered the plaintiffs' remaining arguments and find them to be without merit. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.