■ BON TEMPS AGENCY, LTD., Appellant, v RICHARD G. HICKEY, Defendant, and TERRENCE P. O'REILLY, Respondent. [773 NYS2d 56]—

Order, Supreme Court, New York County (Richard Braun, J.), entered on or about November 7, 2002, which stayed the action and marked it off the calendar due to the death of defendant Richard G. Hickey, unanimously reversed, on the law and the facts, without costs or disbursements, the action restored to the trial calendar and the matter remanded for a hearing as to whether defendants Hickey and O'Reilly were partners.

This is an action to recover over $70,000 allegedly due and owing plaintiff for temporary secretarial services performed for defendant law partners Hickey and O'Reilly, both doing business as Foley Hickey Gilbert & O'Reilly. On the return date of plaintiff's motion for summary judgment, November 7, 2002, defendant O'Reilly, who had earlier submitted an affirmation in opposition to the motion, presented to the court a supplemental affirmation, simultaneously served on plaintiff's counsel, advising that defendant Hickey had died on September 28, 2002. This affirmation is not part of the record on appeal. Supreme Court disposed of the motion by marking the case off the calendar and staying the action because of the death of defendant Hickey. We reverse.

Accepting as fact the death of defendant Hickey despite the absence of any record evidence, this action may proceed against

the surviving partner. While CPLR 1015 (a), provides that "[i]f a party dies and the claim . . . against him is not thereby extinguished the court shall order substitution of the proper parties," where the right sought to be enforced survives only against the surviving defendants, the action does not abate and shall proceed (CPLR 1015 [b]). Specifically, in an action against copartners, if one of them dies during the pendency of the action, the plaintiff may proceed against the surviving partner* (15A NY Jur 2d, Business Relationships § 1590; *see Owen v Blumenthal*, 167 Misc 213, 218 [1938], *affd* 254 App Div 853 [1938], *revd on other grounds* 280 NY 96 [1939]).

While O'Reilly concedes that if he and Hickey had been partners, the action could proceed, he denies that he, O'Reilly, was a partner of the defendant law firm. In that regard, he argues that in the affirmation submitted to the court on the return date of the motion, but, as noted not included in the record on appeal, he "alleg[ed]" his "non-partnership status" in the defendant law firm. On the other hand, the complaint alleges that Hickey and O'Reilly were partners doing business as the law firm of Foley Hickey Gilbert & O'Reilly. The answer interposes a general denial to that allegation. Thus, on this record, there is an issue of fact as to whether the action abated and should have been stayed. Accordingly, we reverse the order appealed from, restore the action to the calendar and remand the matter for a hearing on whether Hickey and O'Reilly were partners. Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Gonzalez, JJ.

---

* Where, as here, a partner's obligation is joint and not several (see Partnership Law § 26), before looking to the estate of a deceased partner to satisfy a partnership's contractual liability, inability to collect from the surviving partners must be alleged and proved (15A NY Jur 2d, Business Relationships § 1551; *see United States Trust Co. v Bamco 18*, 183 AD2d 549, 550 [1992] ["To enable a partnership creditor to maintain an action against the representatives of a deceased partner, he must show an inability to collect his debt from the survivor" (internal quotation marks omitted)]; *see also* 15A NY Jur 2d Business Relationships§ 1558).