In the Matter of WARREN AZZINARO. BARBARA HELKOWSKI, Appellant; VINCENT J. MESSINA, Respondent. [786 NYS2d 343]—

In a turnover proceeding pursuant to Mental Hygiene Law former § 81.44, Barbara Helkowski appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated October 3, 2002, which, inter alia, imposed a constructive trust.

Ordered that the order is affirmed, with costs.

The Supreme Court properly imposed a constructive trust as to the assets in question. Generally, before granting the equitable remedy of a constructive trust, four elements must be established: (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]; *Djamoos v Djamoos,* 153 AD2d 871 [1989]). The evidence adduced at the hearing was sufficient to sustain the contention of the respondent Vincent J. Messina, Jr., the temporary guardian of the decedent, Henry Azzinaro, that the assets were transferred by Azzinaro and his wife to their daughter, Barbara Helkowski, in reliance upon Helkowski's agreement to reconvey the assets to them upon request, and to rebut

Helkowski's assertion that the assets were transferred to her as gifts (*see Bastien v Bastien,* 84 AD2d 800 [1981]; *see also Nockelun v Sawicki,* 197 AD2d 507 [1993]). S. Miller, J.P., Schmidt, Mastro and Fisher, JJ., concur.