■ FRANK SQUICIARINO, SR., et al., Respondents, v LOUIS SQUICIARINO et al., Appellants. [830 NYS2d 163]—

In an action to impose a constructive trust upon certain real property, the defendants appeal from an order of the Supreme Court, Nassau County (Martin, J.), dated November 21, 2005, which granted the plaintiffs' motion for summary judgment directing them to reconvey their interest in the subject property to the plaintiffs and dismissing their counterclaims.

Ordered that so much of the order as granted that branch of the motion which was on behalf of the plaintiff Frank Squiciarino, Sr., and as directed the reconveyance of the subject property to that plaintiff is vacated; and so much of the order as granted that branch of the motion which was on behalf of the plaintiff Jean Squiciarino and as directed the reconveyance of the subject property to that plaintiff is affirmed, with costs payable by the defendants to the plaintiff Jean Squiciarino.

Four factors are generally required for the imposition of a constructive trust: (1) a fiduciary or confidential relationship, (2) a promise between the parties, (3) a transfer made in reliance on the promise and (4) unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119 [1976]; *Ruiz v Meloney*, 26 AD3d 485 [2006]; *Nastasi v Nastasi*, 26 AD3d 32 [2005]; *Matter of Azzinaro*, 13 AD3d 618 [2004]). The Supreme Court properly determined that these four elements were satisfied as a matter of law in this case. A fiduciary relationship existed between the parties, since the defendant Louis Squiciarino is the son of the plaintiffs Frank Squiciarino, Sr. and Jean Squiciarino (*see generally, McNeil v Mohammed*, 32 AD3d 829 [2006]; *Matter of Azzinaro, supra*; *Coco v Coco*, 107 AD2d 21 [1985]; *Reiner v Reiner*, 100 AD2d 872 [1984]). Furthermore, the parties agreed that the defendants promised, inter alia, to pay all of the household expenses for the premises in which both they and the plaintiffs resided for the remainder of the plaintiffs' lives, in return for which the plaintiffs agreed to convey title to the premises to the defendants. Similarly, the plaintiffs acted in reliance on that promise by executing a deed conveying title to the defendants and retaining a life estate in the premises for themselves. Finally, unjust enrichment occurred when the defendants subsequently elected to vacate the residence and cease paying all household expenses, thereby requiring the elderly plaintiffs to assume the role of landlords in order to meet their financial obligations. In view of these circumstances, the Supreme Court determined that a constructive trust and reconveyance of title was necessary to prevent the unjust enrichment of the defendants (*see generally, Simonds v Simonds*, 45 NY2d 233 [1978]; *McGrath v Hilding*, 41 NY2d 625 [1977]; *Coco v Coco, supra*).

However, at the time of oral argument of this appeal, this Court was advised that the plaintiff Frank Squiciarino, Sr., had died prior to the issuance of the order appealed from. Since the plaintiffs, as husband and wife, held interest in the property as tenants by the entirety, the plaintiff Jean Squiciarino, as the surviving spouse, became seized of the entire ownership inter-

est by operation of law (*see Matter of Violi*, 65 NY2d 392, 395 [1985]; *Dominello v Dominello*, 120 AD2d 699 [1986]), and the action did not abate (*see* CPLR 1015 [b]; *Bon Temps Agency v Hickey*, 5 AD3d 157 [2004]; *Bova v Vinciguerra*, 139 AD2d 797 [1988]). Accordingly, we must vacate the order insofar as it purports to affect the rights of the decedent Frank Squiciarino, Sr. and the award of relief must be limited to the plaintiff Jean Squiciarino.

The Supreme Court properly dismissed the defendants' counterclaims, since any purported losses which they allegedly suffered resulted from their own inequitable conduct.

The defendants' remaining contentions are unsupported by the record and without merit. Florio, J.P., Mastro, Spolzino and Skelos, JJ., concur.