■ Howard Henderson, Respondent, v Latanya Thorpe, Appellant. [900 NYS2d 668]—

In an action to impose a constructive trust upon certain real property, the defendant appeals from an order of the Supreme Court, Queens County (Rosen, R.), dated March 31, 2009, which, after a nonjury trial, inter alia, directed her to execute a deed

conveying her interest in the subject real property to the plaintiff.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

In order to obtain the remedy of a constructive trust, a plaintiff generally is required to demonstrate four factors: (1) a fiduciary or confidential relationship between the parties, (2) a promise, (3) a transfer of some asset in reliance upon the promise, and (4) unjust enrichment flowing from the breach of the promise (*see McGrath v Hilding*, 41 NY2d 625, 629 [1977]; *Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Squiciarino v Squiciarino*, 35 AD3d 844, 845 [2006]). To achieve equity and avoid unjust enrichment, the courts apply these factors flexibly rather than rigidly (*see Simonds v Simonds*, 45 NY2d 233, 241 [1978]; *Moak v Raynor*, 28 AD3d 900, 902 [2006]; *Byrd v Brown*, 208 AD2d 582, 583 [1994]; *Crown Realty Co. v Crown Hgts. Jewish Community Council*, 175 AD2d 151 [1991]).

Contrary to the defendant's contention, the evidence adduced at trial amply supported the Supreme Court's finding that all of the elements for the imposition of a constructive trust had been satisfied, since there was proof that a relationship of trust and dependence existed between the plaintiff's decedent and the defendant, that the defendant promised to hold title to the subject property and to reconvey title to the decedent when requested, that the decedent transferred title to the defendant in reliance on the promise, and that the defendant thereafter refused to reconvey title and instead mortgaged the property and kept a portion of the proceeds for her personal use. In view of this evidence, there is no basis upon which to disturb the Supreme Court's order (*see e.g. Watson v Pascal*, 65 AD3d 1333 [2009]; *Squiciarino v Squiciarino*, 35 AD3d 844 [2006]; *Byrd v Brown*, 208 AD2d 582 [1994]). Mastro, J.P., Covello, Eng and Belen, JJ., concur.