■ JOHNNY GALVAN, Plaintiff, v 9519 THIRD AVENUE RESTAURANT CORP. et al., Defendants, and THERESA ROCANELLI et al., Defendants/Third-Party Plaintiffs-Respondents. GREATER NEW YORK MUTUAL INSURANCE COMPANY, Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [901 NYS2d 529]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated March 31, 2009, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (1) to dismiss the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the motion of the third-party defendant (hereinafter GNY), which was pursuant to CPLR 3211 (a) (1) to dismiss the third-party complaint. "A party seeking to dismiss pursuant to CPLR 3211 (a) (1) on the ground that its defense is based on documentary evidence must submit documentary evidence that resolves all factual issues as a matter of law and conclusively disposes of the plaintiff's claim" (*Elow v Svenningsen*, 58 AD3d 674, 675

[2009]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Martin v New York Hosp. Med. Ctr. of Queens*, 34 AD3d 650 [2006]). The documentary evidence submitted by GNY, namely, an insurance policy (hereinafter the Policy) between GNY and the defendant/second third-party defendant, 9519 Third Avenue Restaurant Corp. (hereinafter 9519), and a lease between the third-party plaintiffs and 9519, failed to resolve all factual issues as a matter of law and to conclusively dispose of the third-party plaintiffs' claims for a defense and indemnification from GNY in the main action. Contrary to GNY's contention, those documents did not establish that the third-party plaintiffs were not intended third-party beneficiaries entitled to a defense and indemnification from GNY under the Policy (*see State of New York v American Mfrs. Mut. Ins. Co.*, 188 AD2d 152, 155 [1993]; *I.S.A. In N.J. v Effective Sec. Sys.*, 138 AD2d 681, 682 [1988]; *Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 33 [1979], *affd* 49 NY2d 924 [1980]; *cf. Binasco v Break-Away Demolition Corp.*, 256 AD2d 291, 292 [1998]). Rivera, J.P., Florio, Angiolillo and Austin, JJ., concur.