In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated October 14, 2009, which granted the defendant’s renewed motion, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.
*520 Ordered that the order is reversed, on the law, with costs, and the defendant’s renewed motion, inter alia, to dismiss the complaint is denied.
In this action, the plaintiff denominates itself as “Paramount Transportation Systems, Inc., doing business as R+L Carriers” (hereinafter the plaintiff). In its complaint, the plaintiff alleges that “Paramount Transportation Systems, Inc.,” is an Ohio corporation which does business in New York under the name “R+L Carriers.” The complaint contains four causes of action premised upon the plaintiff’s alleged agreement with the defendant to provide carrier services and the defendant’s failure to pay amounts due under the terms of their agreement. The defendant filed a pre-answer motion, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, contending that it contracted with an entity other than the plaintiff, namely “R&L Carriers, Inc.” In an order dated June 25, 2009, the Supreme Court denied the motion, with leave to renew. In support of the defendant’s renewed motion, the defendant submitted two certificates of incorporation establishing that “Paramount Transportation Systems, Inc.” and “R&L Carriers, Inc.” are separate corporations. In the order appealed from, the Supreme Court granted the renewed motion. We reverse.
Accepting the facts alleged in the complaint as true and according the plaintiff the benefit of every possible favorable inference, as we must on a motion pursuant to CPLR 3211 (a) (7) (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Rovello v Orofino Realty Co., 40 NY2d 633, 634 [1976]; Pike v New York Life Ins. Co., 72 AD3d 1043 [2010]), the plaintiff adequately alleged the causes of action in the complaint. Further, a party seeking to dismiss pursuant to CPLR 3211 (a) (1) “must submit documentary evidence that resolves all factual issues as a matter of law and conclusively disposes of the plaintiff’s claim” (Elow v Svenningsen, 58 AD3d 674, 675 [2009]; see Galvan v 9519 Third Ave. Rest. Corp., 74 AD3d 743 [2010]). Contrary to the defendant’s contention, the certificates of incorporation it submitted did not conclusively establish that it contracted with “R&L Carriers, Inc.” instead of the plaintiff, “Paramount Transportation Systems, Inc.,” which does business under the name “R+L Carriers.”
The defendant’s remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendant’s motion. Dillon, J.P, Dickerson, Lott and Austin, JJ., concur.