■ Suzanne Loevner, Respondent, v Richard Loevner, Appellant. [916 NYS2d 820]—

In an action to recover damages for fraud and breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated June 16, 2010, which denied his motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

On this motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint based on a defense founded upon documentary evidence, the defendant failed to sustain his burden of coming forward with documentary evidence which "utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Galvan v 9519 Third Ave. Rest. Corp.*, 74 AD3d 743 [2010]; *Farber v Breslin*, 47 AD3d 873, 876 [2008]). Given the discrepancies in some of the documents submitted by the parties, and considering the plaintiff's allegations regarding the trust she reposed in the defendant, the representations he made to her, and the circumstances under which she executed the papers that the defendant presented to her, the defendant failed to resolve all issues as a matter of law and conclusively dispose of the plaintiff's claims (*see Galvan v 9519 Third Ave. Rest. Corp.*, 74 AD3d at 743; *Suchmacher v Manana Grocery*, 73 AD3d 1017 [2010]; *Farber v Breslin*, 47 AD3d at 876-877; *Kalmon Dolgin Affiliates of Long Is. v Robert Plan Corp.*, 248 AD2d 594 [1998]).

The defendant's additional contention that the plaintiff's cause of action to recover damages for breach of fiduciary duty should have been dismissed is likewise without merit, as the plaintiff alleged facts establishing the existence of a confidential or fiduciary relationship between the parties based on the defendant's status both as her brother (*see Braddock v Braddock*, 60 AD3d 84, 88-89 [2009]; *Squiciarino v Squiciarino*, 35 AD3d 844, 845 [2006]; *McNeil v Mohammed*, 32 AD3d 829 [2006]; *Matter of Azzinaro*, 13 AD3d 618 [2004]; *Reiner v Reiner*, 100

AD2d 872, 874 [1984]) and as a duly-appointed personal representative of their late father's estate. The defendant's documentary submissions failed to negate those facts. Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.