Sinsheimer v Park & 66th Corp. (2023 NY Slip Op 00069)

Sinsheimer v Park & 66th Corp.

2023 NY Slip Op 00069

Decided on January 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 10, 2023

Before: Acosta, P.J., Webber, Moulton, Shulman, Higgitt, JJ. 

Index No. 151508/22 Appeal No. 17058 Case No. 2022-02487 

[*1]Brenda Sinsheimer et al., Plaintiffs-Appellants,
v
Park and 66th Corporation, Defendant-Respondent.

Warshaw Burstein, LLP, New York (Bruce H. Wiener of counsel), for appellants.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered June 8, 2022, which denied plaintiffs' motion for a Yellowstone injunction, unanimously affirmed, without costs.
The court properly denied plaintiffs' motion, as they failed to meet the requirements for a Yellowstone injunction (see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 [1999]). The subject lease is not a commercial lease, but a residential proprietary lease. Residential tenants generally rely on the protections of RPAPL 753(4) via a summary proceeding (see Kanner v West 15th St. Owners, 236 AD2d 341, 341 [1st Dept 1997]; Killington Invs. v Leino, 148 AD2d 334, 336 [1st Dept 1989]), except for limited circumstances where the statutory remedy is determined to be inadequate (see Stolz v 111 Tenants Corp., 3 AD3d 421, 422 [1st Dept 2004]; Seligman v Parcel One Co., 170 AD2d 344, 345 [1st Dept 1991]).
Plaintiffs have not demonstrated that RPAPL 753(4) would provide them with inadequate relief such that a Yellowstone injunction would be necessary. The apartment is located in New York City, thus the protections of RPAPL 753(4) apply. Plaintiffs have not made a showing that it would take more than thirty days to move to another residence if they are unsuccessful in a summary proceeding, during which time they would have the protections of RPAPL 753 (4). Plaintiffs' apparent lack of effort to transfer the shares into plaintiff executor's name or sell the apartment thus far, provides little indication that they are prepared "to cure the alleged default by any means short of vacating the premises" (Graubard, 93 NY2d at 514).
As to the alternative request for a preliminary injunction, plaintiffs have made no argument that they will be irreparably injured absent preliminary injunctive relief, or that the balance of the equities favors it (see Grand Manor Health Related Facility, Inc. v Hamilton Equities, Inc., 85 AD3d 695, 695 [1st Dept 2011]; Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839 [2005]).
We have considered plaintiffs' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 10, 2023