| |
|---|
| **Handweiler v Seward Park Hous. Corp.** |
| 2025 NY Slip Op 32895(U) |
| August 19, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150529/2024 |
| Judge: Ashlee Crawford |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     __HON. ASHLEE CRAWFORD__          PART          38
                                    *Justice*

-------------------------------------------------------------------X

MARTIN HANDWEILER and THEODORA HANDWEILER
REVOCABLE TRUST

                              Plaintiffs,

                    - v -

SEWARD PARK HOUSING CORPORATION

                              Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150529/2024 |
| MOTION DATE | 06/06/2024, 12/28/2024 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30
were read on this motion to/for          INJUNCTION/RESTRAINING ORDER          .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 31, 32, 33, 34, 35, 36, 37, 38
were read on this motion to/for                    STAY                    .

**ASHLEE CRAWFORD, J.:**

Plaintiff Theodora Handweiler Revocable Trust ("Trust") is the owner of shares in defendant residential co-operative Seward Park Housing Corp., and is the lessee of apartment C1801 at 264 East Broadway, New York, New York, pursuant to a proprietary lease (NYSCEF Docs. 18 [Proprietary Lease] and 2 [Complaint]). Plaintiff Martin Handweiler, who apparently passed away on or about August 22, 2024 (NYSCEF Doc. 32 [Khalil Affirm.]), was a long-time resident and "permitted occupant" of the apartment under the proprietary lease.[1]

Plaintiffs commenced this action for a *Yellowstone* injunction and declaratory judgment after receiving a December 29, 2023 notice to cure certain alleged breaches of the proprietary

---

[1] The proprietary lease is signed on behalf of the Trust by now-deceased Theodora Handweiler, as trustee, and decedent Martin Handweiler, as attorney-in-fact (Proprietary Lease at 35). The parties agree that Mr. Handweiler is deceased, but have not provided a copy of his death certificate.

**150529/2024  HANDWEILER, MARTIN ET AL vs. SEWARD PARK HOUSING CORPORATION**          Page 1 of 6
**Motion No.  001 002 003**

[* 1]

lease (NYSCEF Doc. 7 [Notice to Cure]; Complaint). Specifically, defendant asserted that plaintiffs were in breach of various provisions of the proprietary lease due to excessive clutter and garbage they allowed to accumulate in the apartment and on their terrace, which prevented free movement throughout the unit, attracted flies, and prevented defendant from performing repairs mandated by the New York City Department of Buildings (Notice to Cure).

Defendant asserts a single counterclaim against the Trust for attorneys' fees under the proprietary lease (NYSCEF Doc. 14 [Answer with Counterclaim]).

Under motion sequence 001, plaintiffs previously moved by order to show cause for a preliminary injunction restraining defendant from terminating the proprietary lease on the grounds set forth in the notice to cure, and tolling their time to cure the alleged defaults (NYSCEF Docs. 4-11). The parties settled this proceeding by stipulation dated April 1, 2024, so-ordered by the Court (Nock, J.) on May 31, 2024, in which they agreed that the proprietary lease was immediately terminated without any right to cure; plaintiffs consented to a final judgment of possession and warrant of ejectment; and the warrant of ejectment was stayed to allow plaintiffs to clear the offending clutter before June 28, 2024, and to allow defendant access to the apartment on that date. The parties further agreed that if plaintiffs did not comply with the terms of the stipulation of settlement, the warrant of ejectment could be immediately executed; and if plaintiffs were to comply with the stipulation, defendant would file a satisfaction of judgment and notify the Sheriff that the warrant was withdrawn, and the proprietary lease would be reinstated *nunc pro tunc* to the date of the settlement agreement. Notably, the stipulation of

150529/2024  HANDWEILER, MARTIN ET AL vs. SEWARD PARK HOUSING CORPORATION
Motion No.  001 002 003

Page 2 of 6

[* 2]

2 of 6

settlement was entered into by respective counsel for the parties (NYSCEF Doc. 26 [So-Ordered Stipulation of Settlement]).[2]

On June 6, 2024, only one week after the Court so-ordered the parties' settlement agreement, decedent Martin Handweiler moved by order to show cause (seq. 002) to vacate or modify the settlement agreement, or alternatively to stay execution of the judgment of possession and warrant of ejectment, on the ground that Handweiler's friend, non-party Sabiha Bano Khalil, resided in the apartment with Handweiler and should be joined as an indispensable party due to her actions preventing compliance with the settlement agreement. Decedent stated in his affidavit that twice when movers arrived at the apartment and began packing up in accordance with the settlement agreement, Khalil ejected them from the apartment and locked them out (NYSCEF Doc. 28 at ¶¶ 4, 16-20). The order to show cause was never signed by the Court.

On October 23, 2024, about two months after plaintiff Martin Handweiler's apparent death, Khalil moved *pro se* by order to show cause (seq. 003) for leave to intervene and to stay execution of the warrant of ejectment. She stated in her affirmation that she had lived in the apartment for 18 years with decedent and was requesting more time to vacate. The order to show cause was signed by the *ex parte* Judge, who granted a temporary restraining order pending a hearing on the order to show cause (NYSCEF Doc. 32-33). The parties report that the application was argued on October 29, 2024, but no decision ever issued.

This case was transferred to the undersigned effective February 3, 2025. In response to the Court's inquiry concerning the death of plaintiff Martin Handweiler, defense counsel argues

---

[2] The Court notes, as *dicta*, that plaintiffs likely were not entitled to *Yellowstone* injunctive relief, since the subject lease is a residential proprietary lease, not a commercial lease (see Sinsheimer v Park & 66th Corp., 212 AD3d 446, 447 [1st Dept 2023]).

150529/2024  HANDWEILER, MARTIN ET AL vs. SEWARD PARK HOUSING CORPORATION
Motion No.  001 002 003

Page 3 of 6

that the death does not stay this matter (NYSCEF Doc. 41). Counsel for the plaintiff Trust does not take a position on this question.

Generally, "the death of a party divests a court of jurisdiction to conduct proceedings in an action until a proper substitution has been made pursuant to CPLR 1015(a)" (Griffin v Manning, 36 AD3d 530, 532 [1st Dept 2007]). "[A]ny order rendered after the death of a party and before the substitution of a legal representative is void" (id.; accord Schnapp v Miller's Launch, Inc., 135 AD3d 655, 656 [1st Dept 2016]). However, when a party's demise does not affect the merits of a case there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution (Matter of London, 200 AD3d 493 [1st Dept 2021] [internal citation and quotation marks omitted]; Bon Temps Agency, Ltd. v Hickey, 5 AD3d 157, 157-158 [1st Dept 2004]).

It is undisputed that the Trust is the owner of the relevant co-op shares and is the Lessee under the proprietary lease, and that decedent Handweiler was simply a "permitted occupant" of the apartment under the proprietary lease (see Stip. of Settlement; Prop. Lease at 3[1]["Permitted Use and Occupancy of the Apartment"]). Under these circumstances, the Court finds that the rights plaintiffs seek to enforce in this proceeding survive only as to the plaintiff Trust and the action is not abated due to Handweiler's death (CPLR 1015[b]; see, e.g., Ellis v Disch, 17 Misc3d 126(A), *1 [App Term, 1st Dept 2007][a landlord has no obligation to join the estate of a deceased tenant since any possessory claim of the estate lapsed upon the termination of decedent's lease]; see also West-Park Presbyt. Church of New York City v Ctr. at W. Park, Inc., 232 AD3d 521, 523 [1st Dept 2024], lv denied, 43 NY3d 905 [2025][a subtenant is not a necessary party to a dispute between a landlord and the prime tenant]). For this reason, and because decedent's June 2024 order to show cause (seq. 002) was never signed by the Court, the Court now declines to sign it.

The order to show cause by non-party Khalil is also denied (seq. 003). She has not established that she is a "permitted occupant" under the proprietary lease,[3] or that she has standing to challenge the so-ordered stipulation of settlement, which was entered into by all parties with advice of counsel. In any event, Khalil has already benefitted from a delay of more than 14 months since the stipulation of settlement was so-ordered. This is far more than enough time for her to have vacated the apartment, which was her stated aim in bringing her order to show cause.

Accordingly, it is hereby

ORDERED that the Court DECLINES TO SIGN the order to show cause by decedent-plaintiff Martin Handweiler, which seeks to vacate or modify the settlement agreement, or alternatively to stay execution of the judgment of possession and warrant of ejectment (mot. seq. 002); and it is further

ORDERED that the order to show cause by non-party Sabiha Bano Khalil, for leave to intervene in this proceeding and to stay execution of the warrant of ejectment, is DENIED for the reasons stated herein, and the temporary restraining order is hereby vacated and lifted in its entirety (mot. seq. 003); and it is further

ORDERED that defendant Seward Park Housing Corporation may proceed with enforcement of the judgment of possession and execution of the warrant of ejectment forthwith, with earliest execution on September 8, 2025; and it is further

---

[3] Section 3(1) of the proprietary lease provides in pertinent part that "the Apartment may, upon prior notice to the Lessor, be occupied from time to time by guests of the Lessee for a period of time not exceeding sixty (60) days, unless a longer period is approved in writing by the Lessor, but no guests may occupy the Apartment unless one or more of the permitted adult residents are then in occupancy or unless consented to in writing by the Lessor" (Prop. Lease at 3[1]).

**150529/2024  HANDWEILER, MARTIN ET AL vs. SEWARD PARK HOUSING CORPORATION**          **Page 5 of 6**
**Motion No.  001 002 003**

ORDERED that within seven (7) days of entry of this order, defendant Seward Park Housing Corporation shall serve a copy of this order with notice of entry on plaintiff Theodora Handweiler Revocable Trust, via NYSCEF, and on non-party Sabiha Bano Khalil, by overnight mail to the subject apartment (Unit C1801 at 264 East Broadway, New York, New York).

This constitutes the decision and order of the Court.

| 8/19/2025 | | | | |
|---|---|---|---|---|
| DATE | | | ASHLEE CRAWFORD, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

150529/2024   HANDWEILER, MARTIN ET AL vs. SEWARD PARK HOUSING CORPORATION          Page 6 of 6
Motion No.  001 002 003

6 of 6