■ CARINA LOVETTE, Respondent, v. MAX GLASSMAN, Appellant.— Order entered January 27, 1970 granting plaintiff's motion to amend her complaint by increasing the *ad damnum* clause unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to appellant, and the motion denied. More than a year and a half after the accident befalling her, plaintiff commenced her action. A year and a half thereafter she served her bill of particulars. Then, some months later and three and a half years after the inception of her action, plaintiff sought to increase her damage claim six-fold, from $25,000 to $150,000. Her papers in support of her application are wholly insufficient. They are devoid of any facts which disclose the merits of her case and they do not establish the existence of new injuries or the appearance of sequelae. The medical proof, moreover, fails to demonstrate that the $25,000 originally sought is inadequate to cover plaintiff's injuries. (*Tooley* v. *Howard Johnson's Inc.,* 29 A D 2d 930; *Kind* v. *Serebreny,* 28 A D 2d 988; *Jiminez* v. *Seickel & Sons.,* 22 A D 2d 643; *Ferrari* v. *Paramount Plumbing & Heating Co.,* 20 A D 2d 878.) Concur— Eager, J. P., Steuer, Tilzer and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. L. JUDSON MORHOUSE, Appellant.— Judgment affirmed for the reasons set forth in the decision of Mr. Justice GELLINOFF. Concur— McNally, Steuer and Tilzer, JJ.; Stevens, P. J., and Eager, J., dissent and vote to reverse and order a new trial on the ground that there was a wrongful invasion of the councils of the defense.

■ NATIONAL EDUCATION PRODUCTS, INC., Respondent-Appellant, v. EDUCATIONAL READING AIDS CORP. et al., Appellants-Respondents.— Order entered January 20, 1970, granting stay of proceedings pending arbitration and granting preliminary injunction in favor of plaintiff, unanimously modified on the law and the facts to the extent that the first decretal paragraph granting plaintiff's motion for preliminary injunction is deleted, and otherwise affirmed, with $30 costs and disbursements to defendants-appellants-respondents. The arbitration clause in the prime contract has already been invoked. In addition to that protection, plaintiff has not shown irreparable injury suffered or reasonably to be expected and it appears it has an adequate remedy at law for damages. On this submission plaintiff has not shown clear proof of a breach of contract or demonstrated by clear and convincing evidence the likelihood of prevailing. Defendant on the other hand at least has developed a plausible thesis of possible grounds for invoking paragraph nine of the main contract. Moreover, upon all of the questions in the case there are claims and charges each against the other which make it impossible to forecast the outcome of the litigation. Lacking the essential elements entitling plaintiff to the extraordinary remedy of preliminary injunction, the motion for the same must be denied. (*Kakalios* v. *Mesevich,* 259 App. Div. 112; *Morrin* v. *Structural Steel Bd. of Trade,* 231 App. Div. 673; *Elk St. Market Corp.* v. *Rothenberg,* 233 App. Div. 243.) Other questions raised are not reached. Concur— McGivern, J. P., Markewich, Steuer and Bastow, JJ.