■ KAY SOLOMON, Respondent, v WATKINS MANAGEMENT CORP., Appellant.—Order, Supreme Court, New York County, dated February 22, 1977, granting the motion of plaintiff, Kay Solomon, to amend her complaint on the eve of trial by increasing the ad damnum clause from $100,000 to $450,000 unanimously reversed, on the law, the facts, and in the exercise of discretion and motion denied, without costs and without disbursements. Plaintiff's bill of particulars, verified in July, 1974 indicates she had thorough knowledge, at that time, of the nature and extent of the emotional and psychological injuries she sustained. It is those very same injuries, merely couched in the vernacular of a clinical psychologist, which are reasserted in the moving papers. No new or recently discovered injuries are asserted nor is any adequate excuse furnished why the claimed greater seriousness of the injuries was not apparent to plaintiff in July, 1974. In Luongo v Hollander Assoc. (54 AD2d 858), it was observed that " 'on an application of this nature there should be submitted plaintiff's affidavit of merits showing the merits of the case, the reasons for the delay and the fact that the increase is warranted by reason of facts which have recently come to the attention of the plaintiff and excusing the failure or negligence necessitating the amendment so far as these facts are within the knowledge of plaintiff.' " These criteria have not been met. Concur—Murphy, P. J., Lupiano, Silverman, Lane and Yesawich, JJ.