■ CHARLES LA LIBERTY et al., Respondents, v RALPH COSMAI, Doing Business as IMPERIAL SANITATION, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Queens County, dated December 18, 1978, which granted plaintiffs' motion for leave to increase the *ad damnum* clause from $10,000 to $500,000 and to remove the case from the Civil Court to the Supreme Court. Order reversed, without costs or disbursements, and motion denied. In plaintiffs' bill of particulars, dated March 13, 1978, it is alleged that as a result of a rear end collision between defendant's vehicle and theirs, plaintiff husband suffered acute exacerbation of cervical pain, radiculitis and muscle spasm. In a medical report dated December 6, 1977, the husband's physician stated, *inter alia,* that the injury suffered by the husband stemming from the accident aggravated his pre-existing arthritis condition and resulted in the acute exacerbation of cervical pain referred to

in the bill of particulars. An affidavit by the same physician in support of plaintiffs' instant motion, *inter alia,* to increase the *ad damnum* clause 50-fold, alleges the same injuries as those stated earlier in the bill of particulars and medical report. Thus plaintiffs have failed to show newly acquired facts which recently came to their attention. Consequently, the premise on which the proposed amendment of the *ad damnum* was sought was based on injuries no greater than, or different from, those originally contemplated (cf. *Lovette v Glassman,* 34 AD2d 769; *Solomon v Watkins Mgt. Corp.,* 58 AD2d 749). Furthermore the medical proof fails to demonstrate that the $10,000 originally sought is inadequate to cover plaintiff husband's injuries (cf. *Lovette v Glassman, supra).* Mollen, P. J., Hopkins, Damiani, Titone and Shapiro, JJ., concur.