■ MITEL TELECOMMUNICATIONS SYSTEMS, INC., Appellant, v LORENZO "LARRY" NAPOLITANO et al., Respondents. [640 NYS2d 113] —Order, Supreme Court, New York County (Alice Schlesinger, J.) entered June 8, 1995, which denied plaintiff's motion for a preliminary injunction enjoining defendants from competing with its business for a period of six months, and from soliciting any former customers, unanimously affirmed, with costs.

The covenant prohibiting defendant from competing with plaintiff's business in the New York City metropolitan area was expressly limited to six months following the termination of defendant's employment with plaintiff. Since the relevant time period has already transpired, the covenant cannot be enforced (*see, Lehman v Piontkowski*, 93 AD2d 809, 814, *affd* 61 NY2d 703). In any event, we note that plaintiff has not demonstrated that it has suffered any injury or shown that the equities are in its favor (*see, Hay Group v Nadel*, 170 AD2d 398, 399).

Plaintiff is also not entitled to a preliminary injunction enjoining defendants from soliciting their former customers, since the parties contracted to limit the nonsolicitation of customers to three years following the sale of the business, which period also has already elapsed (*see, MGM Ct. Reporting Serv. v Greenberg*, 74 NY2d 691, 693). Concur—Murphy, P. J., Milonas, Ross, Nardelli and Tom, JJ.

■ In the Matter of ANGEL GONZALEZ, Petitioner, v PHYLIS BAMBERGER, as Justice of Supreme Court, et al., Respondents. [640 NYS2d 753] —Application for a writ of prohibition granted, without costs and disbursements, respondents prohibited from retrying petitioner on Bronx County Indictment No. 7090/94 and the indictment dismissed for the reasons stated in *Matter of Robles v Bamberger* (219 AD2d 243 [decided herewith]). All concur. No opinion. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Nardelli, JJ.