■ GFI SECURITIES, LLC, Appellant, v TRADITION ASIEL SECURITIES, INC., et al., Respondents. (And Other Actions.) MICHAEL BABCOCK, Respondent, v GFI SECURITIES et al., Appellants. DONALD P. FEWER, Respondent, v GFI GROUP et al., Appellants. [878 NYS2d 689]—

Orders, Supreme Court, New York County (Richard B. Lowe, III, J.), entered July 29, 2008, which denied GFI Securities' application for a preliminary injunction, unanimously affirmed, with one bill of costs.

In these five arbitrations and an action to determine whether an interdealer firm raided another firm's brokers and whether the brokers violated the restrictive covenants in their employment agreements, GFI failed to show irreparable harm in support of its motion for a preliminary injunction pursuant to CPLR 7502 (c) (*see OraSure Tech., Inc. v Prestige Brands Holdings, Inc.*, 42 AD3d 348 [2007]; *National Educ. Prods. v Educational Reading Aids Corp.*, 34 AD2d 769 [1970]), since it failed to submit evidence showing that its defecting brokers were irreplaceable or that its losses, other than the speculative claim of lost goodwill, were not compensable by money damages (*see e.g. Famo, Inc. v Green 521 Fifth Ave. LLC*, 51 AD3d 578 [2008]).

Although, as admitted in the reply of a GFI executive for purposes of the relief sought (*see Ficus Invs., Inc. v Private Capital Mgt, LLC*, 61 AD3d 1, 6 [2009]), most of the restrictive covenants at issue have expired, rendering the appeal with respect to their enforcement academic (*see Mitel Telecommunications Sys. v Napolitano*, 226 AD2d 165 [1996]; *Benco Intl. Importing Corp. v Krooks*, 53 AD2d 536 [1976]), dismissal is not

warranted in light of the unexpired restrictive covenant of respondent Wallack and GFI's breach of contract, tortious interference and other claims.

We have considered appellants' other contentions and find them unavailing. Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ. [*See* 21 Misc 3d 1111(A), 2008 NY Slip Op 52041(U).]