■ WHG CS, LLC, et al., Appellants, v LSREF Summer REO Trust 2009 et al., Respondents. [915 NYS2d 36]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered August 2, 2010, which denied plaintiffs' motion for a preliminary injunction and vacated a temporary restraining order, unanimously affirmed, with costs.

In this commercial financing dispute between different classes of lender, plaintiff WHG CS, LLC (WHG), a junior lender, seeks to compel defendant LSREF Summer REO Trust 2009, the debt servicer and a senior lender, to extend the maturity date of a $125,500,000 loan (the mortgage loan) that was set to expire on July 9, 2010, to avoid the declaration of a default and foreclosure of the properties that secure the loan. Plaintiff WHG SUB CS, LLC (WHG Mezz) seeks recognition of its right to extend the maturity date of the mortgage loan under a related mezzanine loan by stepping into the shoes of the mortgage loan borrower, to avoid foreclosure of the mortgage loan.

Plaintiffs failed to establish that they are likely to succeed on the merits, that they will suffer irreparable injury if an injunction is not granted, and that the balance of equities is in their favor (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839 [2005]). They claim that WHG is entitled to unilaterally direct the servicer of the loan to waive a condition precedent to extending the maturity date. However, while the participation and servicing agreement requires the servicer to obtain the written consent of the "Controlling Holder" (WHG) to 29 enumerated actions, including "waiver of any of the extension conditions set forth in the Mortgage Loan Agreement," it does not require consent to denial of a waiver.

Plaintiffs claim that WHG Mezz is entitled to foreclose on the mezzanine loan, step into the borrower's shoes, and extend the maturity date of the mortgage loan. They are correct that the court's finding that WHG Mezz could no longer foreclose on the mezzanine loan to cure the breach of the maturity date because the date had passed failed to recognize that the temporary restraining order had expressly tolled the running of the time for WHG Mezz to exercise its right to extend the maturity date. However, the intercreditor agreement, which provides WHG

Mezz with the opportunity to cure a default in the mortgage loan, is ambiguous as to whether the particular default at issue here, i.e., a default of the maturity date, may be cured by an extension of the maturity date, which must have passed for a default to have occurred, or must be cured by payment of the outstanding principal balance of the loan. Thus, it cannot be determined whether plaintiffs are likely to succeed on this claim.

Plaintiffs failed to establish irreparable injury, since they can be compensated by money damages (*see GFI Sec., LLC v Tradition Asiel Sec., Inc.*, 61 AD3d 586 [2009]).

Finally, plaintiffs failed to establish that the balance of the equities is in their favor (*see Credit Index v RiskWise Intl.*, 282 AD2d 246 [2001]). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.