■ GRAND MANOR HEALTH RELATED FACILITY, INC., Respondent, v HAMILTON EQUITIES, INC., et al., Appellants. [926 NYS2d 100]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered October 27, 2010, which, inter alia, granted plaintiff's motion for a preliminary injunction enjoining defendants from taking any action against it with respect to the subject lease, unanimously affirmed, without costs.

The law of the case doctrine is inapplicable here, since there is no evidence that the motion court purported to overrule or modify any of this Court's prior orders concerning the parties (*see Kenney v City of New York*, 74 AD3d 630, 630-631 [2010]). The sole issue determined by the motion court was plaintiff's entitlement to a preliminary injunction; the court did not address any previously litigated issue regarding the parties' stipulated *Yellowstone* injunction.

We find that plaintiff demonstrated a likelihood of success on the merits. Plaintiff also established a danger of irreparable harm in the absence of the requested relief and a balance of the equities in its favor (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839 [2005]). Without the injunction, plaintiff, which operates a residential health care facility, would be at risk of losing its valuable leasehold and incurring significant permanent damage to more than 30 years of hard-earned goodwill (*see Concourse Rehabilitation & Nursing Ctr., Inc. v Gracon Assoc.*, 64 AD3d 405 [2009]; *GFI Sec., LLC v Tradition Asiel Sec., Inc.*, 61 AD3d 586 [2009]).

We have considered defendants' remaining contention and find it without merit. Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Acosta, JJ.