Ciminello Prop. Assoc. v New 970 Colgate Ave. Corp. (2019 NY Slip Op 04472)





Ciminello Prop. Assoc. v New 970 Colgate Ave. Corp.


2019 NY Slip Op 04472


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Sweeny, J.P., Gische, Webber, Oing, Moulton, JJ.


9553N 25834/17E

[*1] Ciminello Property Associates, Plaintiff-Appellant,
v
New 970 Colgate Avenue Corp., et al., Defendants-Respondents.


Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York (David Abramovitz of counsel), for appellant.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for respondents.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered March 1, 2019, which, to the extent appealed from, denied plaintiff's motion for a preliminary injunction to enjoin and restrain defendants from installing or maintaining any physical obstruction preventing plaintiff and its tenants' access to certain portions of Close Avenue, unanimously affirmed, with costs.
Plaintiff failed to demonstrate that the motion court abused its discretion by declining to grant a preliminary injunction in this case (see generally After Six v 201 E. 66th St. Assoc., 87 AD2d 153, 155 [1st Dept 1982]; Borenstein v Rochel Props., 176 AD2d 171, 172 [1st Dept 1991]; Porcari v Griffith, 169 AD3d 729, 730-731 [2d Dept 2019]). Although the record before the motion court contained some evidence of plaintiff's control of the disputed sections of Close Avenue, it also included affidavits indicating that defendants, rather than plaintiff, had maintained the portions of Close Avenue in dispute, that since at least 1999 defendants had controlled access and plaintiff and its tenants' use had been permissive, and that plaintiff and its tenants did not complain about defendants changing the gate locks. Plaintiff also conceded that the facts necessary to establish its right to an easement will likely require discovery concerning activities from decades ago, possibly from the 1970s. Under these circumstances, the motion court providently exercised its discretion in declining a preliminary injunction on the basis that plaintiff failed to demonstrate a likelihood of success on the merits because it did not establish a prescriptive easement by clear and convincing evidence (see Amalgamated Dwellings, Inc. v Hillman Hous. Corp., 33 AD3d 364, 364-365 [1st Dept 2006]).
In any event, plaintiff also failed to establish that it would suffer irreparable harm in the absence of a preliminary injunction, or that a balance of the equities was in its favor
(see generally GFI Sec., LLC v Tradition Asiel Sec., Inc., 61 AD3d 586, 586 [1st Dept 2009]; cf. Grand Manor Health Related Facility, Inc. v Hamilton Equities, Inc., 85 AD3d 695, 695 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK