■ FAIRFIELD PRESIDENTIAL ASSOCIATES, Appellant, v ED POLLINS, Individually and as President of FAIRFIELD TOWERS TENANT ASSOCIATION, et al., Respondents. — In an action to, *inter alia,* enjoin defendants from interfering with contractual relations between plaintiff and its tenants, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Cooper, J.), dated June 4, 1981, as denied its motion for a preliminary injunction to restrain defendants from collecting rents from plaintiff's tenants. Order reversed insofar as appealed from, without costs or disbursements, and motion granted. Defendants are restrained from collecting rents from plaintiff's tenants pending the trial of the action. Plaintiff is directed to post an undertaking in the amount of $250 pursuant to CPLR 6312 (subd [b]) within 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. In this action arising out of a rent strike to protest a rent increase, plaintiff has shown a likelihood that it will succeed in obtaining an injunction to restrain defendants from collecting rents from its tenants. Further, plaintiff has made a clear showing that it will suffer irreparable harm unless granted the temporary relief sought herein. The loss of the rental income jeopardizes plaintiff's ability to, *inter alia,* maintain services for the premises (see *Ansonia Assoc. v Ansonia Residents' Assn.,* 78 AD2d 211). Accordingly, it was an abuse of discretion to deny the preliminary injunction. We would note that plaintiff's failure to serve a complaint in this matter does not bar the issuance of a preliminary injunction. The action has been properly commenced by service of a summons with notice (see CPLR 305, subd [b]; see, also, CPLR 3012, subd [b]). The notice and affidavit in support of the motion establish the existence of a cause of action for a permanent injunction (see CPLR 6301, 6312, subd [a]; cf. *Matter of Seplow v Century Operating Co.,* 56 AD2d 515). Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ SID FELDMAN et al., Appellants, v J. PETER GRACE et al., Respondents. — Order of the Supreme Court, Nassau County (Derounian, J.), dated May 22, 1981, affirmed, with $50 costs and disbursements. (See *Backus Plywood Corp. v Commercial Decal,* 317 F2d 339; *Pounds v Egbert,* 117 App Div 756.) Cohalan, J. P., O'Connor, Thompson and Bracken, JJ., concur.