ESTHER McLAUGHLIN et al., Appellants, v ORANGE AND ROCKLAND UTILITIES, INC., Respondent. (Action No. 1.) JACK SCHUSTER et al., Respondents, v ORANGE AND ROCKLAND UTILITIES, INC., Appellant. (Action No. 2.) JANICE SMITH et al., Respondents, v ORANGE AND ROCKLAND UTILITIES, INC., Appellant. (Action No. 3.) — Appeals (1) by plaintiffs McLaughlin (in the first above-captioned action) from an order of the Supreme Court, Rockland County (Walsh, J.), dated April 22, 1981, which denied their motion for a preliminary injunction, enjoining defendant from removing trees from their property pursuant to a grant of easement, (2) by defendant Orange and Rockland Utilities, Inc. (in the second above-captioned action) from an order of the same court (Daronco, J.), dated June 8, 1981, which granted the motion of the plaintiffs therein, the Schusters, for a preliminary injunction pending determination of the appeal in the McLaughlin action, and (3) by defendant Orange and Rockland Utilities, Inc. (in the third above-captioned action) (a) from so much of an order of the same court (Stolarik, J.), dated July 17, 1981, as permitted service by the Smiths of a class action complaint and granted their motion for preclass certification disclosure, (b) from an order of the same court, dated August 6, 1981, which, upon granting plaintiffs Smiths' motion for renewal and reargument of so much of the order of July 17, 1981 as denied their application for a preliminary injunction prior to certification of the class, granted such a preliminary injunction, and (c) purportedly from an order of the same court (Leggett, J.), rendered orally on August 7, 1981, *inter alia*, denying defendant's motion for a stay of the provisions of the order of July 17, 1981. Appeal by plaintiffs McLaughlin from the order dated April 22, 1981, dismissed as academic for the reasons stated herein, without costs or disbursements. Order dated June 8, 1981, reversed, without costs or disbursements, and motion by plaintiffs Schuster denied. Order dated July 17, 1981 affirmed insofar as appealed from, and order dated August 6, 1981 affirmed, without costs or disbursements. Purported appeal from the order alleged to have been rendered orally on August 7 1981, dismissed, without costs or disbursements. (See CPLR 5512.) The central question in each of these matters concerns an interpretation of the scope of a certain grant of easement in favor of defendant, Orange and Rockland Utilities, Inc., which runs through the properties of the several plaintiffs. The issue ultimately to be determined is whether defendant should be permanently enjoined from carrying out a preventive maintenance program which would entail felling and removing certain varieties of trees located within the area encompassed by the easements and through which run defendant's transmission lines. Defendant argues that such a program is within the scope of the grant of easement. Although the easement is broad,

plaintiffs have pointed to certain alleged ambiguities in the language of the grant which, they argue, prohibit such activity. Ambiguities in the language of the grant of easement are to be considered strictly against the utility. (See *Clark v State of New York,* 15 NY2d 990.) To permit further removal of trees pending a final resolution of these matters would surely cause irreparable harm to plaintiffs, in the event they do succeed on the merits. Therefore, we affirm Special Term's order granting the class-wide preliminary injunction in the *Smith* action. We also take judicial notice of the fact that by order dated November 18, 1981, Special Term (Stolarik, J.), certified the class in that action. Since the preliminary injunction granted in the *Smith* action, and affirmed herein, extends to the McLaughlins the relief sought by them on appeal, their appeal is dismissed as academic. With respect to the *Schuster* matter, however, there is no indication in the record that an action was ever commenced, and, accordingly, there was no basis for issuing a preliminary injunction. (Cf. *Fairfield Presidential Assoc. v Pollins,* 85 AD2d 653; CPLR 6301.) Accordingly, the order granting the Schusters a preliminary injunction is reversed and the motion denied. Again, however, we note that by virtue of the preliminary injunction in the *Smith* action, affirmed herein, the Schusters are receiving the relief they were seeking. As a final note we add that since the resolution of these disputes turns on an interpretation of the language of the grant of easement, a question of law, the proper vehicle for the most expeditious resolution of these matters would be a motion for summary judgment. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.