■ ZIMMER-MASIELLO, INC., Respondent-Appellant, v ZIMMER, INC., Appellant-Respondent.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered September 13, 1988, which, *inter alia,* granted defendant's motion for summary judgment to the extent of dismissing plaintiff's second cause of action, unanimously modified, on the law, to grant defendant's motion to the extent of dismissing the fourth and fifth causes

of action, and to reverse the dismissal of the second cause of action and reinstate that claim, and otherwise affirmed, without costs.

Plaintiff Zimmer-Masiello, Inc. (hereinafter Masiello) is a corporation that acted as the exclusive distributor, or sales representative, of surgical equipment and orthopedic supplies manufactured by defendant Zimmer, Inc. and sold primarily to doctors and hospitals.

Frank Masiello, who had been employed as a salesman by a former distributor of defendant's products, was approached by defendant in 1976 with a proposal that he take over an exclusive distributorship, with provision for the payment of $90,000 over a five-year period to the retiring former distributor. The payments were to be arranged by Zimmer and deducted from commissions due to the plaintiff.

Frank Masiello accepted the proposal and formed the plaintiff corporation, which since 1976 has exclusively sold the defendant's products in various territories within the metropolitan New York City area, and since 1980 in The Bronx and Manhattan only. To carry on the distributorship, plaintiff employed its own salesmen and staff. While plaintiff's contract with the defendant was party written, it was primarily oral.

On June 15, 1987, the defendant unilaterally terminated the plaintiff's distributorship without any prior notice. On that same day, defendant hired many of plaintiff's employees and salespeople and commenced selling its products in plaintiff's prior territory on a direct basis. This included selling directly to plaintiff's former customers.

Plaintiff immediately instituted this action and sought preliminary injunctive relief which was denied on the ground that the injury could be adequately recompensed by monetary damages. Following extensive discovery, defendant made the instant motion for summary judgment seeking dismissal of the complaint.

The complaint alleged seven causes of action—(1) breach of fiduciary duty; (2) tortious interference with customers; (3) tortious interference with plaintiff's sales associates; (4) fraud; (5) breach of contract; (6) an accounting for deferred commissions; and (7) an accounting for deferred commissions on sales to a particular customer (ETI). (The parties have apparently attempted to adjust their differences regarding commissions, and the last two causes of action, [6] and [7], are not at issue on this appeal.)

The IAS court granted defendant's motion for summary

judgment only to the extent of dismissing the second cause of action for tortious interference with customers. Plaintiff appeals that dismissal while defendant appeals from the denial of the motion with respect to the remaining causes of action, other than those for the accountings. We discuss the various causes of action, *seriatim,* as follows:

<u>Breach of Fiduciary Duty</u>—This cause of action is predicated upon allegations of a relationship of trust and confidence between the parties and the breach of that fiduciary relationship in the termination of the at-will contract.

The classic formulation of a claim for breach of fiduciary duty is found in the case of *A. S. Rampell, Inc. v Hyster Co.* (3 NY2d 369), dealing with circumstances quite similar to those in the case at bar. In *Rampell,* the defendant manufacturer terminated a distributorship agreement with the plaintiff after a 15-year business relationship. The Court of Appeals held that the defendant's appropriation of the plaintiff's sales organization and goodwill was actionable because of the breach of the confidential relationship between the parties. The court found that a confidential relationship arose from the position of dominance by the manufacturer over its distributor, as well as from the investment by the distributor of its money and time to develop a business for the manufacturer over a course of many years. The court also noted that a relationship of confidence arose from the provisions of the contract between the parties whereby the distributor was obliged to make its lists of prospective customers available to the manufacturer, and to provide records of business activities and report on its inventory and financial condition, and the like.

In the instant case, the parties shared a similar relationship. The manufacturer, Zimmer, maintained a position of dominance and the plaintiff was dependent on Zimmer during their relationship of more than 11 years. Zimmer dictated the size of Masiello's territory, prices and commissions, and as in *Rampell (supra),* exploited the same type of confidential and proprietary information which Masiello was required to provide Zimmer pursuant to their agreement. Accordingly, plaintiff sufficiently demonstrated a cause of action for breach of fiduciary duty and the IAS court properly denied defendant's motion for summary dismissal of this claim. *(See, A. S. Rampell, Inc. v Hyster Co., supra; see also, Apple Records v Capitol Records,* 137 AD2d 50, and cases cited therein.)

While defendant recognizes the principles set forth in the

foregoing cases, it argues that the facts of this case are distinguishable, and that a different result is warranted here because Masiello was merely what it terms a "sales agent", who did not take title to goods, as opposed to a resale dealer as was the plaintiff in *Rampell (supra)*. To the extent that this distinction may be relevant, defendant has merely raised a factual issue concerning the nature and extent of plaintiff's relationship with the defendant which would, in any event, require the denial of summary judgment.

Tortious Interference with Customers—In this cause of action, plaintiff alleges tortious interference by defendant with plaintiff's contractual relations with its customers. The IAS court granted summary judgment dismissing this cause of action because it found that the handbook entitled "Basic Facts About Zimmer Distributors", which constitutes part of the contract between the parties, provides that the distributor's customers remain Zimmer's customers.

However, a review of this document reveals no such provision. While the handbook contains provisions concerning various other discrete aspects of the distributorship arrangement, it is silent on the issue of the relationship vis-à-vis the customers, the distributor and the manufacturer. Accordingly, triable issues of fact exist as to this key element of plaintiff's claim, and the IAS court erred in granting summary judgment dismissing this cause of action based apparently upon a misreading of the handbook.

Tortious Interference with Plaintiff's Sales Associates—This cause of action is predicated upon defendant's hiring of plaintiff's employees and sales associates by inducing them to work directly for defendant upon its termination of Masiello's distributorship. The IAS court denied summary judgment on this claim on the ground that "[a]llegations and proof of a confidential relationship may suffice to support Masiello's action for tortious interference with Masiello's at-will employees", citing *Guard-Life Corp. v Parker Hardware Mfg. Corp.* (50 NY2d 183) and *Rampell (supra)*, which recognize such a cause of action where wrongful means, such as the violation of a confidential relationship, are employed. While it is true, as Zimmer claims, that the fact that the alleged tort-feasor was acting to advance its own economic interests may be raised as a defense to such claim *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp., supra)*, that too involves triable issues of fact—i.e., whether defendant's conduct was wrongful or merely in its own com-

petitive interest. Accordingly, summary judgment was properly denied on this cause of action.

Fraud—The essence of Masiello's fraud claim is that at the outset of the relationship, Zimmer fraudulently represented that so long as plaintiff continued to invest its time, effort, and money on the business and divulge its "trade secrets" to Zimmer, plaintiff would profit from the continuing business and defendant would not terminate the distributorship. Plaintiff claims that it continued to invest in the business in reliance on these fraudulent inducements, while in reality Zimmer planned to ultimately usurp the business from plaintiff.

However, plaintiff offered no evidence to support this claim. A cause of action for fraud requires, *inter alia,* a showing of a material misrepresentation of an *existing* fact and falsity *(e.g., Reno v Bull,* 226 NY 546). Considering the lengthy, ongoing relationship between the parties, plaintiff's papers are barren of the requisite showing that at the times early in the relationship when these statements were allegedly made there was a present intent by the defendant to terminate the plaintiff's distributorship in the distant future.

In support of its fraud claim, plaintiff relies heavily on the case of *Apple Records v Capitol Records (supra)* for the proposition that plaintiff should have a remedy in tort for defendant's betrayal and breach of duty. As previously discussed, a remedy for such conduct is provided by way of a cause of action for breach of fiduciary duty and not by an infirm cause of action for fraud for which plaintiff can provide no evidentiary support. Summary judgment dismissing the fraud cause of action was improperly denied.

Breach of Contract—Since the contract between the parties was essentially oral, defendant contends that this cause of action is barred by the Statute of Frauds.

General Obligations Law § 5-701 (a) (1) provides that "[e]very agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged * * * if such agreement, promise or undertaking * * * [b]y its terms is not to be performed within one year from the making thereof".

The key issue in this regard is whether the parties' oral agreement for exclusive distributorship was capable of performance within one year. In *D & N Boening v Kirsch Beverages* (63 NY2d 449), the Court of Appeals was faced with the identical issue. There, an oral exclusive distributorship con-

tract provided that the distributorship would continue " 'for as long as [the distributor] satisfactorily distributed the product, exerted their best efforts and acted in good faith' " *(supra,* at 452). The court held that under this agreement the distributorship was to continue indefinitely with the sole limitation on its duration being the requirement that plaintiff perform satisfactorily. Since only plaintiff's failure to satisfactorily perform during the first year would result in termination within that period, the court concluded that such a failure would not constitute a permitted manner of performance or exercise of an option, but rather a breach of the agreement. Being terminable only by the distributor's breach, the agreement could not be held to be one which by its terms could be *performed* within one year. The court expressly distinguished this type of distributorship agreement from one in which either or both parties were permitted, by the terms of the contract, to discontinue their activities within one year, as in *North Shore Bottling Co. v Schmidt & Sons* (22 NY2d 171). In that case the duration of the contract was for " *'as long as [the manufacturer] sold beer in the New York Metropolitan area'* " *(supra,* at 174 [emphasis in original]) which the court found was a contingency which could occur within one year, and that since the contract by its own terms could properly terminate within one year, it did not fall within the ban of the Statute of Frauds.

In the instant case, plaintiff itself, both in the complaint and the bill of particulars, describes the oral agreement as one having an indefinite duration—i.e., for so long as plaintiff continued to increase its annual volume of sales satisfactorily. It is clear that this contract is akin to the agreement in *D & N Boening v Kirsch Beverages, supra)* in providing for termination only in the event of plaintiff's unsatisfactory performance, or breach, and that such contingency does not provide a permissible basis for concluding that the agreement could be performed within one year. The oral agreement before us, which by its own terms must continue for more than a year unless terminated by its breach, is one that falls within the bar of the Statute of Frauds and is void. *(D & N Boening v Kirsch Beverages, supra,* at 457.) That the agreement here was intended to continue well beyond a year is emphasized by the requirement that plaintiff show increasing sales volume *annually.*

Since plaintiff's cause of action for breach of the oral agreement is barred by the Statute of Frauds, the IAS court erred in denying summary judgment to the defendant dismiss-

ing that cause of action. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.