■ SHEARSON LEHMAN BROTHERS INC. et al., Respondents, v J. PAUL BAGLEY et al., Defendants, and VICTOR K. ATKINS, JR., et al., Appellants. [614 NYS2d 5] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 29, 1993, which, *inter alia,* denied defendants-appellants' motion to dismiss the second and fifth causes of action pursuant to CPLR 3016 (b) and 3211 (a), unanimously affirmed, with costs.

Appellants contend that the second cause of action against defendant Turchyn for fraud and breach of fiduciary duty and the fifth cause of action against defendant Atkins for aiding and abetting the other defendants to breach their fiduciary duty do not satisfy the pleading mandates of CPLR 3016 (b). However, contrary to Turchyn's argument that the claim against him does not sufficiently plead his alleged individual misconduct, the complaint adequately asserts a complex scheme involving him directed against plaintiffs' interests and the conduct complained of is set forth in great detail *(see, Board of Mgrs. of 411 E. 53rd St. Condominium v Dylan Carpet,* 182 AD2d 551, 552).

There is, similarly, no merit to Atkins' position that the fifth cause of action is defective for lack of specificity. Indeed, the complaint alleges in great detail a scheme to defraud Hutton in which Atkins participated, that Bagley, Turchyn and Gorin were employees of Hutton and, therefore, had a fiduciary duty to the company, that Atkins had knowledge of their relationship to Hutton and was, thus, aware that they had such a duty and that plaintiff suffered damages as a result of the activities in which he purportedly conspired *(see, S & K Sales Co. v Nike, Inc.,* 816 F2d 843). Consequently, plaintiff has sufficiently alleged all of the elements necessary to sustain a claim for aiding and abetting the breach of a fiduciary responsibility. Concur—Rosenberger, J. P., Ellerin, Ross, Rubin and Nardelli, JJ.