■ George Burke Company, Appellant, v Intermetro Industries Corporation, Respondent. [702 NYS2d 37] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered July 13, 1999, dismissing the complaint, and bringing up for review an order, entered on or about May 24, 1999, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion to compel additional disclosure, unanimously affirmed, with costs. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The action was properly dismissed because the oral agreement alleged by plaintiff, under which he was to become and indefinitely remain defendant's exclusive distributor for a certain product, could not be performed within a year, and is therefore void under the Statute of Frauds (General Obligations Law § 5-701 [a] [1]; see, Kalfin v United States Olympic Comm., 209 AD2d 279, 280; Zimmer-Masiello, Inc. v Zimmer, Inc., 159 AD2d 363, 367-368). Plaintiff's alleged contributions to the development of the product are not unequivocally referable to the alleged agreement, and are insufficient to take the alleged agreement out of the Statute of Frauds (see, Fallon v McKeon, 230 AD2d 629). We have considered plaintiff's other arguments and find them unpersuasive. Concur—Sullivan, J. P., Tom, Mazzarelli, Saxe and Friedman, JJ.