(October 14, 2004)

■ DON BUCHWALD & ASSOCIATES, INC., Appellant, v LISA MARBER-RICH et al., Respondents. [782 NYS2d 725]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered February 24, 2004, which, to the extent appealed from, granted defendants' motion for summary judgment to dismiss a portion of the first cause of action and the second, third and fourth causes of action, and denied plaintiff's motion for partial summary judgment on the first and fifth causes of action, unanimously modified, on the law, the first, third and fourth causes of action reinstated, and otherwise affirmed, without costs.

The individual defendants are former employees of plaintiff talent agency. During the one-year period prior to leaving plaintiff's employ, these defendants secretly formed a competing talent agency, defendant Atlas, by, among other things, setting up a Web site, obtaining office space, procuring insurance and incorporating Atlas. In the months immediately following the individual defendants' departure from plaintiff, 44 clients left plaintiff and began being represented by Atlas.

Plaintiff commenced an action asserting causes of action against its former employees for breach of fiduciary duty, tortious inducement of breach of contract, tortious interference with economic relations, and an accounting and constructive trust, and against Atlas for its role in aiding and abetting the breaches of fiduciary duties by the individual defendants, and for a constructive trust and equitable lien on Atlas's assets.

The first cause of action alleged that the individual defendants, while secretly forming Atlas, surreptitiously added riders to the contracts of plaintiff's clients that permitted premature termination of their relationship with plaintiff. The court improperly granted defendants' motion for summary judgment to dismiss that part of the breach-of-fiduciary-duty cause of action. "An employee may create a competing business prior to leaving his employer without breaching any fiduciary duty unless he makes improper use of the employer's time, facilities or proprietary secrets in doing so" (*Schneider Leasing Plus v Stallone*, 172 AD2d 739, 741 [1991], *lv dismissed* 78 NY2d 1043 [1991]). There are questions concerning the period when Atlas was formed whether the individual defendants improperly used plaintiff's time and facilities and whether they improperly solicited clients while still in plaintiff's employ (*see Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112 [1995]). There are also issues as to whether the individual defendants breached their fiduciary duties by having riders annexed to the contracts of the clients who left plaintiff following the formation of Atlas. These riders were added during the year leading up to the formation of Atlas. Although many of the clients

provided deposition testimony that the riders were added at their request, there was conflicting testimony from clients who remained with plaintiff that the individual defendants had encouraged them to have riders annexed to their contracts to allow for an expedient departure from plaintiff as soon as Atlas commenced operations.

The court properly denied defendants' motion for summary judgment to dismiss that part of the breach-of-fiduciary-duty cause of action alleging the individual defendants had copied plaintiff's confidential files during the period they were forming Atlas, because there are factual questions as to what information had been taken and whether that information was improperly used by Atlas.

Inasmuch as the breach-of-fiduciary-duty cause of action should be reinstated in its entirety, plaintiff's fourth cause of action for an accounting and constructive trust should also be reinstated (see Adam v Cutner & Rathkopf, 238 AD2d 234, 242 [1997]). The existence of triable issues concerning breach of fiduciary duties also confirms that plaintiff's motion for summary judgment on the first and fifth causes of action was properly denied.

The third cause of action, for tortious interference with economic relations, should be reinstated because there are questions as to whether the individual defendants used wrongful means, namely, breaching their fiduciary duties, in inducing plaintiff's clients to leave plaintiff and begin being represented by Atlas (American Baptist Churches v Galloway, 271 AD2d 92, 100 [2000]; and see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183 [1980]). However, the second cause of action, for tortious inducement of breach of contract, was properly dismissed. The subject clients left plaintiff pursuant to riders annexed to their contracts, and contrary to plaintiff's contentions, there is no evidence that defendants wrongfully diverted commissions owed to plaintiff. Concur—Buckley, P.J., Lerner, Friedman, Sweeny and Catterson, JJ.