OPERATIVE CAKE CORP., Appellant, v EDWARD NASSOUR et al., Defendants, and AHARON NUTOVICS, Respondent. [801 NYS2d 358]—

In a consolidated action, inter alia, to recover damages for breach of fiduciary duty and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), dated August 11, 2003, which granted the motion of the defendant Aharon Nutovics to dismiss the complaint insofar as asserted against him, pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

As alleged in the complaint, the plaintiff is a manufacturer of baked goods which it distributes, via independent contractor truck drivers, to small grocery stores in the New York metropolitan area. The complaint further alleges that the defendant Aharon Nutovics, in concert with others, misappropriated confidential information, including the customer lists of the

plaintiff's drivers, which he then used to create and operate a competing venture, the defendant King Edward Food Distribution Corp.

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), "[t]he sole criterion is whether 'from [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law' " (*Mayer v Sanders*, 264 AD2d 827, 828 [1999], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). The court must accept the facts alleged in the pleading and the submissions in opposition to the motion as true, and accord the plaintiff the benefit of every possible favorable inference (*see Maldonado v Olympia Mech. Piping & Heating Corp.*, 8 AD3d 348, 350 [2004]; *Kevin Spence & Sons v Boar's Head Provisions Co.*, 5 AD3d 352 [2004]).

Contrary to the Supreme Court's determination, the complaint alleges a cognizable cause of action against Nutovics for aiding and abetting breaches of fiduciary duty (*see Don Buchwald & Assoc., Inc. v Marber-Rich*, 11 AD3d 277 [2004]; *Shearson Lehman Bros. v Bagley*, 205 AD2d 467 [1994]). Schmidt, J.P., S. Miller, Santucci and Skelos, JJ., concur.