■ CHRISTINE McNEIL, Appellant, v PATSY MOHAMMED, Respondent. [821 NYS2d 225]—

In an action to impose a constructive trust, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated December 7, 2005, which denied her motion for a preliminary injunction restraining the defendant, inter alia, from transferring or otherwise disposing of funds realized from the sale of certain real property.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, to fix an appropriate undertaking pursuant to CPLR 6312.

To establish entitlement to a preliminary injunction, a movant must establish (1) a probability of success on the merits, (2) irreparable harm in the absence of an injunction, and (3) a balance of the equities in favor of granting the injunction (*see Stockley v Gorelik*, 24 AD3d 535, 536 [2005]; *Trimboli v Irwin*, 18 AD3d 866, 866-867 [2005]). The plaintiff demonstrated a probability of success on her cause of action to impose a constructive trust by making a prima facie showing that (1) she had a relationship of trust and confidence with the defendant, who is her sister, (2) the defendant promised to hold the plaintiff's alleged interest in certain realty in trust for the plaintiff, and to subsequently transfer that interest to the plaintiff, (3) in reliance on that promise, the plaintiff made most of the down payment on the subject realty and thereafter paid the mortgage thereon and for repairs thereto, and (4) absent a constructive trust, the defendant would be unjustly enriched (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Ruiz v Meloney*, 26 AD3d 485, 486 [2006]; *Nastasi v Nastasi*, 26 AD3d 32, 37 [2005]; *Maynor v Pellegrino*, 226 AD2d 883, 885 [1996]; *Bashein v Landau*, 96 AD2d 479 [1983]). Even when the facts are in dispute, "a court may find a likelihood of success on the merits; conclusive proof is not required" (*Ruiz v Meloney, supra* at 486). We note that here, the defendant did not oppose the motion, and thus did not dispute *any* of the facts alleged by the plaintiff. Indeed, as far as the record shows, the defendant failed to appear in the action.

In addition, the plaintiff demonstrated that she would suffer irreparable harm absent preliminary relief, and that a balance of the equities weighs in favor of granting the requested restraint.

We note that the Supreme Court erred in denying the motion on the ground that such relief had previously been denied, as there was no prior denial of such relief.

Thus, the Supreme Court should have granted the plaintiff's motion for a preliminary injunction. Crane, J.P., Luciano, Rivera and Lunn, JJ., concur.