■ MOHAMED HAIRMAN, Appellant, v ISI JHAWARER, Formerly Known as RENATO M. SPRINGER, et al., Respondents. [997 NYS2d 84]—

In an action, inter alia, to impose a constructive trust upon certain real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), dated August 7, 2012, which denied his motion for a preliminary injunction enjoining the defendants from, among other things, terminating his occupancy of the property.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for the fixing of an appropriate undertaking pursuant to CPLR 6312.

The plaintiff is the uncle of the defendant Isi Jhawarer, formerly known as Renato M. Springer (hereinafter Jhawarer). According to the complaint, the plaintiff desired to purchase certain real property, but did not have sufficient credit to obtain a mortgage loan. The parties allegedly agreed that Jhawarer would purchase the property with a down payment provided by the plaintiff, and that the plaintiff would pay all of the carrying costs for the property. Further, according to the complaint, the plaintiff and Jhawarer agreed that Jhawarer would transfer title to the property to the plaintiff when the plaintiff was able to obtain a mortgage loan in his own name. The plaintiff alleges that he has resided at the property since the date of purchase, and that a tenant also resides at the property.

Subsequently, the plaintiff learned that Jhawarer had transferred the property to the defendant Jah Works, LLC, a corporation owned by Jhawarer. Jhawarer also allegedly served a 30-day notice of termination of tenancy on a tenant at the premises. In response to Jhawarer's conduct with respect to the property, the plaintiff commenced this action against Jhawarer and Jah Works, LLC, seeking, among other things, to impose a constructive trust upon the property. The plaintiff eventually moved for a preliminary injunction enjoining the defendants from taking certain actions inconsistent with the alleged agreement between the plaintiff and Jhawarer, including the termination of the plaintiff's occupancy of the property. The Supreme Court denied the motion, and the plaintiff appeals.

"A party seeking the drastic remedy of a preliminary injunction has the burden of demonstrating, by clear and convincing evidence, (1) a likelihood of ultimate success on the merits, (2) the prospect of irreparable injury if the provisional relief is

withheld, and (3) a balancing of the equities in the movant's favor" (*Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840, 844 [2009]; *see* CPLR 6301; *Doe v Axelrod*, 73 NY2d 748, 750 [1988]).

Here, contrary to the Supreme Court's determination, the plaintiff established his entitlement to a preliminary injunction. First, he demonstrated a likelihood of ultimate success on the merits on his cause of action for the imposition of a constructive trust. The elements of a cause of action for a constructive trust are: (1) the existence of a confidential or fiduciary relationship between the parties; (2) a promise; (3) a transfer in reliance on the promise; and (4) unjust enrichment (*see Bodden v Kean*, 86 AD3d 524, 526 [2011]; *Nastasi v Nastasi*, 26 AD3d 32, 37 [2005]). The existence of a confidential relationship between the plaintiff and Jhawarer, his nephew, is undisputed. The plaintiff also sufficiently established that Jhawarer promised to convey the property to him when he could qualify for a mortgage loan, and the existence of that promise is not disputed. Further, the plaintiff demonstrated that, in reliance on that promise, he provided all the funds for the purchase of the property, for the repayment of the mortgage loan, and for maintenance of the property. The element of a "transfer in reliance" is not limited to instances in which the plaintiff has actually transferred title to the property to the defendant, but may also include instances where the plaintiff has provided substantial funds for the maintenance and improvement of it (*see Marini v Lombardo*, 39 AD3d 824, 826 [2007]; *Ruiz v Meloney*, 26 AD3d 485, 486 [2006]; *Nastasi v Nastasi*, 26 AD3d at 39; *Hira v Bajaj*, 182 AD2d 435, 436 [1992]; *cf. Scivoletti v Marsala*, 97 AD2d 401 [1983], *affd* 61 NY2d 806 [1984]). Finally, the plaintiff sufficiently established his ability to prove that the defendants would be unjustly enriched in the event a constructive trust were not imposed (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *McNeil v Moham-med*, 32 AD3d 829, 830 [2006]; *Ruiz v Meloney*, 26 AD3d at 486; *Eickler v Pecora*, 12 AD3d 635, 636 [2004]). Accordingly, the plaintiff established a likelihood of ultimate success on the merits.

As to the remaining requirements for a preliminary injunction, the plaintiff also established the likelihood of irreparable injury in the event the preliminary injunction were not granted, and that the balance of the equities was in his favor. Accordingly, the Supreme Court should have granted his motion for a preliminary injunction (*see Ruiz v Meloney*, 26 AD3d at 486). Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.