■ WALLKILL MEDICAL DEVELOPMENT, LLC, Respondent-Appellant, v CATSKILL ORANGE ORTHOPAEDICS, P.C., et al., Appellants-Respondents, and CHARLES PERALO, Respondent. [15 NYS3d 406]—

In an action, inter alia, to recover damages for breach of a lease, breach of fiduciary duty, and fraudulent misrepresentation, the defendants Catskill Orange Orthopaedics, P.C., Bonehead, Inc. South, Bradley Wiener, Ronald Israelski, Charles Episalla, and Eric Martin appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Marx, J.), dated July 25, 2013, as granted those branches of the plaintiff's motion which were for a preliminary injunction and an order of attachment and denied those branches of their cross motion which were pursuant to CPLR

3211 (a) to dismiss the causes of action alleging breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment insofar as asserted against them, and the plaintiff cross-appeals from so much of the same order as granted the cross motion of the defendant Charles Peralo pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against him.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for an order of attachment, and (2) by deleting the provision thereof granting the cross motion of the defendant Charles Peralo pursuant CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against him, and substituting therefor a provision denying that cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, and the matter is remitted to the Supreme Court, Orange County, for a hearing on that branch of the plaintiff's motion which was for an order of attachment and a new determination of that branch of the motion thereafter.

The plaintiff, Wallkill Medical Development, LLC (hereinafter Wallkill Medical), was formed in or about 2004 for the purpose of constructing and thereafter owning a medical office building (hereinafter the medical building). The defendant Bonehead, Inc. South (hereinafter Bonehead, Inc.), owns a 15% membership interest in Wallkill Medical. The shareholders of Bonehead, Inc., are the individual defendants, Bradley Wiener, Ronald Israelski, Charles Episalla, Charles Peralo, and Eric Martin (hereinafter collectively the individual defendants).

In approximately 2006, the defendant Catskill Orange Orthopaedics, P.C. (hereinafter Catskill Orange), a medical practice owned by the individual defendants, began occupying space in the medical building pursuant to a 10-year lease with Wallkill Medical. As provided for in Wallkill Medical's restated operating agreement (hereinafter the operating agreement), Catskill Orange entered into the lease as Bonehead, Inc.'s "Member Affiliate." In 2011, Catskill Orange allegedly began experiencing financial difficulties when Peralo surrendered his medical license. In early 2013, Catskill Orange notified Wallkill Medical of its intent to default under the lease and vacate the leased space in the medical building.

Wallkill Medical commenced this action to recover damages, inter alia, for breach of the lease, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent misrepre-

sentation, negligent misrepresentation, and fraudulent concealment. In conjunction with the service of the complaint, Wallkill Medical moved, among other things, for a preliminary injunction enjoining Catskill Orange from transferring, pledging, diverting, or disposing of any of its assets, except in the ordinary course of business, and an order of attachment as to the assets of Catskill Orange. Catskill Orange, Bonehead, Inc., Wiener, Israelski, Episalla, and Martin (hereinafter collectively the Catskill Orange defendants) cross-moved to dismiss the amended complaint insofar as asserted against them pursuant to CPLR 3211 (a). Peralo separately cross-moved to dismiss the amended complaint insofar as asserted against him pursuant to CPLR 3211 (a).

Contrary to the contention of the Catskill Orange defendants, the Supreme Court properly denied those branches of their cross motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment insofar as asserted against them.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see *Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Paolicelli v Fieldbridge Assoc., LLC*, 120 AD3d 643, 644 [2014]). Applying this standard here, Wallkill Medical sufficiently alleged "special circumstances" that, if proven, would transform the parties' business relationship into a fiduciary one (see *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 21 [2008]). The amended complaint alleges that the individual defendants are both officers and shareholders of Catskill Orange, a tenant of the medical building, and of Bonehead, Inc., a member of Wallkill Medical. The amended complaint also alleges that, pursuant to the operating agreement, Catskill Orange is a "Member Affiliate" and an "Affiliated Lessee" of Wallkill Medical, that the individual defendants are members of Wallkill Medical "through defendant Bonehead," and that the individual defendants executed the operating agreement in their individual capacities. Furthermore, the amended complaint alleges that Wallkill Medical pledged the Catskill Orange lease as security for its mortgage. Through an affidavit submitted in opposition to the Catskill Orange defendants' motion, the plaintiff asserts that

the individual defendants provided personal financial statements to lenders in connection with Wallkill Medical's construction financing and that one of the individual defendants, Wiener, attended Wallkill Medical's partnership meetings. Moreover, the operating agreement indicates that the individual defendants, as principals of Wallkill Medical member Bonehead, Inc., delivered personal guarantees for the construction financing of the medical building, and further agreed to personally guarantee permanent financing for the medical building, if required by the lender. In light of the unique relationship between Wallkill Medical and the Catskill Orange defendants alleged here, the amended complaint sufficiently pleads the existence of a fiduciary duty owed to Wallkill Medical by those defendants (*see Lawrence v Kennedy*, 95 AD3d 955, 958 [2012]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d at 22; *Zimmer-Masiello, Inc. v Zimmer, Inc.*, 159 AD2d 363, 365 [1990]).

The amended complaint also sufficiently pleads the remaining elements of the causes of action alleging breach of fiduciary duty and aiding and abetting breach of fiduciary duty (*see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d at 22; *Nathanson v Nathanson*, 20 AD3d 403, 404 [2005]; *see also Operative Cake Corp. v Nassour*, 21 AD3d 1020, 1021 [2005]; *Don Buchwald & Assoc., Inc. v Marber-Rich*, 11 AD3d 277, 278-279 [2004]), fraudulent concealment (*see Consolidated Bus Tr., Inc. v Treiber Group, LLC*, 97 AD3d 778, 779 [2012]; *High Tides, LLC v DeMichele*, 88 AD3d 954, 957 [2011]), negligent misrepresentation (*see RBE N. Funding, Inc. v Stone Mtn. Holdings, LLC*, 78 AD3d 807, 809-810 [2010]), and fraudulent misrepresentation (*see McDonnell v Bradley*, 109 AD3d 592, 593-594 [2013]; *Kaufman v Cohen*, 307 AD2d 113, 120 [2003]), as against the Catskill Orange defendants. Additionally, the amended complaint sufficiently pleads, at this juncture, facts potentially warranting piercing the corporate veil with respect to the individual defendants (*see Love v Rebecca Dev., Inc.*, 56 AD3d 733, 734 [2008]; *Ventresca Realty Corp. v Houlihan*, 28 AD3d 537, 538 [2006]). Accordingly, the Supreme Court properly denied those branches of the Catskill Orange defendants' cross motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment insofar as asserted against them. The Catskill Orange defendants' remaining contentions relating to their cross motion are without merit.

The Supreme Court should have denied Peralo's separate

cross motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against him. Although Peralo asserted that he was no longer involved in the practice of medicine after 2011, he acknowledged that he remained a member of Catskill Orange and a shareholder of Bonehead, Inc., after the surrender of his medical license. Further, the amended complaint sufficiently alleges the elements of the causes of action based on breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent concealment, negligent misrepresentation, and fraudulent misrepresentation, against Peralo, in light of the allegations underlying those causes of action as against the Catskill Orange defendants (*see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d at 22; *Nathanson v Nathanson*, 20 AD3d at 404; *see also McDonnell v Bradley*, 109 AD3d at 593; *Consolidated Bus Tr., Inc. v Treiber Group, LLC*, 97 AD3d at 779; *Kaufman v Cohen*, 307 AD2d 113, 120 [2003]).

The Supreme Court properly granted that branch of Wallkill Medical's motion which was for a preliminary injunction enjoining Catskill Orange from transferring, pledging, diverting, or disposing of its assets, except in the ordinary course of business, during the pendency of this action (*see* CPLR 6301; *Hairman v Jhawarer*, 122 AD3d 570, 572 [2014]; *Fairfield Presidential Assoc. v Pollins*, 85 AD2d 653 [1981]). However, with respect to that branch of Wallkill Medical's motion which was for an order of attachment, the defendants disputed allegations relevant to that request for relief, including the time frame of any alleged dissipation of assets, and whether any such actions were taken with the intent to defraud the plaintiff. Therefore, the matter must be remitted to the Supreme Court, Orange County, for a hearing on that branch of Wallkill Medical's motion which was for an order of attachment, and a new determination of that branch of the motion thereafter (*see* CPLR 6201, 6211, 6212 [a]). Eng, P.J., Hall, Cohen and Barros, JJ., concur.