Minico Ins. Agency, LLC v AJP Contr. Corp. (2018 NY Slip Op 07423)





Minico Ins. Agency, LLC v AJP Contr. Corp.


2018 NY Slip Op 07423


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-09113
 (Index No. 601304/17)

[*1]Minico Insurance Agency, LLC, etc., respondent,
v
AJP Contracting Corp., et al., appellants.


The Law Firm of Adam C. Weiss, PLLC, Glen Cove, NY, for appellants.
Brody, O'Connor & O'Connor, New York, NY (Iain A. McLeod and Scott A. Brody of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the defendants appeal from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered July 31, 2017. The order denied the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the defendant Antonios Pappas.
ORDERED that the order is affirmed, with costs.
The defendant AJP Contracting Corp. (hereinafter AJP), through an agent, submitted an application to the plaintiff to obtain commercial general liability insurance, and was issued a policy. The plaintiff alleged that the premium charged and collected for the policy was based upon an estimate, provided by AJP's president, the defendant Antonios Pappas, of AJP's anticipated gross sales for the policy period. After the expiration of that period, the plaintiff conducted a premium audit and allegedly determined that AJP's actual gross sales for the policy period had been substantially underestimated. Based upon the audit and the policy, the plaintiff demanded an additional premium, which was never paid. The plaintiff thereafter commenced this action alleging causes of action sounding in breach of contract and account stated against both defendants, as well as a third cause of action solely against Pappas personally, sounding in fraud. With regard to the causes of action alleging breach of contract and account stated, the plaintiff sought to recover against Pappas for AJP's alleged wrongs by piercing the corporate veil. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against Pappas. The Supreme Court denied the motion and the defendants appeal.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory, without regard to whether the allegations ultimately can be established (see Leon v Martinez, 84 NY2d 83, 87; JGK Indus., LLC v Hayes NY Bus., LLC, 145 AD3d 979, 980; Quinones v Schaap, 91 AD3d 739, 740; Sokol v Leader, 74 AD3d 1180, 1180-1182).
"A party seeking to pierce the corporate veil must establish that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that [*2]such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury'" (Millennium Constr., LLC v Loupolover, 44 AD3d 1016, 1016, quoting Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141; see Love v Rebecca Dev., Inc., 56 AD3d 733, 733). "The party seeking to pierce the corporate veil must further establish that the controlling corporation abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene" (Love v Rebecca Dev., Inc., 56 AD3d at 733, citing Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 142).
Here, affording the complaint a liberal construction, accepting as true all facts alleged therein, and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87), the plaintiff sufficiently pleaded a cause of action to recover against Pappas for the alleged wrongs committed by AJP based on a theory of piercing the corporate veil (see Wallkill Med. Dev., LLC v Catskill Orange Orthopaedics, P.C., 131 AD3d 601, 604; Love v Rebecca Dev., Inc., 56 AD3d at 733-734; Ventresca Realty Corp. v Houlihan, 28 AD3d 537, 538). Contrary to the defendants' contention, the plaintiff sufficiently alleged that Pappas exercised complete domination and control over AJP in order to commit a wrong against the plaintiff that resulted in injury to the plaintiff (see Love v Rebecca Dev., Inc., 56 AD3d at 734).
We agree with the Supreme Court's denial of that branch of the defendant's motion which was to dismiss the third cause of action, alleging fraud, asserted against Pappas only. "The elements of a cause of action to recover damages for fraud are (1) a misrepresentation or a material omission of fact which was false, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages" (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 677; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898). "In actions for fraud, corporate officers and directors may be held individually liable if they participated in or had knowledge of the fraud, even if they did not stand to gain personally" (Polonetsky v Better Homes Depot, 97 NY2d 46, 55; see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491). In addition to alleging all of the elements of a fraud cause of action, CPLR 3016(b) provides that "the circumstances constituting the wrong shall be stated in detail." However, the purpose of this heightened pleading requirement "is to inform a defendant with respect to the incidents complained of" and "should not be confused with unassailable proof of fraud" (Pludeman v Northern Leasing Sys., Inc., 10 NY3d at 491-492). "[S]ection 3016(b) may be met when the facts are sufficient to permit a reasonable inference of the alleged conduct" (id. at 492). 
Here, the complaint alleged all of the elements constituting fraud, and further stated "the basic facts to establish [those] elements," as required by CPLR 3016(b) (id.). In particular, the plaintiff alleged a specific misrepresentation, intentionally made by Pappas himself in the context of applying for a policy of insurance from the plaintiff, and that the plaintiff relied upon that misrepresentation to its detriment, as it consequently charged and collected a lower premium than it otherwise would have for the instant insurance policy. Assuming the facts alleged to be true and according the plaintiff the benefit of every favorable inference, these allegations set forth a cognizable cause of action to recover damages for fraud against Pappas, and stated in sufficient detail the facts constituting the wrong (see Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d at 677).
Accordingly, we agree with the Supreme Court's denial of the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against Pappas.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court