1650 Broadway Assoc., Inc. v Sturm (2024 NY Slip Op 01864)

1650 Broadway Assoc., Inc. v Sturm

2024 NY Slip Op 01864

Decided on April 04, 2024

Appellate Division, First Department

Renwick, P.J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick
Troy K. Webber Tanya R. Kennedy Bahaati E. Pitt-Burke Marsha D. Michael

Index No. 651690/21 Appeal No. 1804 Case No. 2023-02815 

[*1]1650 Broadway Associates, Inc., et al., Plaintiffs-Appellants,
v
Kenneth Sturm et al., Defendants-Respondents.

Plaintiffs appeal from the order of the Supreme Court, New York County (Andrew Borrok, J.), entered April 26, 2023, which, insofar as appealed from, granted defendant Getzel Schiff & Pesce, LLP's motion to dismiss the complaint.

Nagel Rice LLP, New York (Bradley R. Rice of counsel), for appellants.
Fox Rothschild LLP, New York (Rory G. Greebel of counsel), for respondents.

Renwick, P.J. 

This is an action for accounting malpractice and fraud where the question on appeal is whether an accountant hired to perform "compilation services" is shielded from liability for the alleged improper activities of an officer of the company.
Plaintiff 1650 Broadway Associates, Inc. is the owner of the iconic Stardust Diner, a family business originally owned by Irving Sturm and plaintiff Ellen Sturm, and then in part by their son, defendant Kenneth Sturm. At all relevant times, Ellen, along with the two trust plaintiffs, together owned 89% of the Diner, and Kenneth owned 11%. After Irving's death in 2010, Kenneth assumed day-to-day managerial responsibility for the Diner. Ellen was vice-president of the Diner, while Kenneth served as secretary and treasurer.
Plaintiffs allege that when Ellen stepped back from active operations of the Diner, Kenneth began looting the Diner. In particular, he gave himself large salary increases and, most damaging, he began to take unauthorized loans from the Diner. Over the course of several years, these loans amounted to some $12 million. Plaintiffs also allege that in 2016 and 2017, Kenneth obtained a $2.5 million line of credit from Citibank. Kenneth forged Ellen's signature on loan documents that made Ellen the personal guarantor on the loans. The books and records of the Diner reflected the loans. They also reflected certain "reductions" in the amounts of the loans. Plaintiffs, however, allege that the records purporting to show the reductions were manufactured after the fact by Kenneth.
Defendant Getzel, Schiff & Pesce, LLP (defendant) is a public accounting firm. For a period including 2012 through 2019, defendant performed certain accounting services for plaintiffs, the Diner, and Kenneth. It provided these services through a series of year-after-year engagement letters. Under the terms of these letters, for each of the relevant years, defendant agreed to provide "compilation services" and to prepare the local, state, and federal tax returns for the clients. Between 2002 and 2008, defendant's managing partner had annual meetings with Ellen at her home, during which the partner provided her only broad summary of the Diner's finances but never disclosed any details about the Diner's accounting, books and records.
In 2019, Ellen hired new personal accountants who uncovered the loans to Kenneth. Apparently, in addition to taking the money for himself, Kenneth also used the "loan" proceeds to finance various other business ventures. Plaintiffs allege that defendant was the accountant to these other businesses.
In 2021[*2], plaintiffs commenced this action asserting claims for fraud and breach of fiduciary duty against Kenneth. Regarding defendant, plaintiffs asserted claims for accounting malpractice and aiding and abetting fraud. Kenneth and defendant each moved to dismiss. The motion court granted Kenneth's motion, but gave plaintiffs leave to amend. The court also granted defendant's motion. The court held that because it was undisputed that the loans were disclosed on the financial statements, plaintiffs could not show how defendant breached professional accounting standards or aided Kenneth's fraud. Plaintiffs appeal the grant of defendant's motion. For the reasons that follow, we now reverse.
We find that the claims for accounting malpractice and aiding and abetting fraud should not have been dismissed pursuant to CPLR 3211(a)(7) and CPLR 3211(a)(1).
A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint or petition on the ground that a defense is founded on documentary evidence may be appropriately granted where the documentary evidence utterly refutes the plaintiff's or petitioner's allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). On a motion to dismiss a pleading pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff or petitioner the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Breytman v Olinville Realty, LLC, 54 AD3d 703, 703—704 [2d Dept 2008], lv dismissed 12 NY3d 878 [2009]).
Plaintiffs sufficiently pleaded causes of action for accounting malpractice and aiding and abetting fraud, which are not utterly refuted by the documentary evidence.
"A party alleging a claim of accountant malpractice must show that there was a departure from the accepted standards of practice and that the departure was a proximate cause of the injury" (KBL, LLP v Community Counseling & Mediation Servs., 123 AD3d 488, 488 [1st Dept 2014]). A plaintiff alleging an aiding and abetting fraud claim must allege the existence of the underlying fraud, actual knowledge, and substantial assistance (see Oster v Kirschner, 77 AD3d 51, 55 [1st Dept 2010]).
Defendant makes no contention that the claims of accounting malpractice and aiding and abetting fraud by Kenneth are not sufficiently pleaded. Instead, defendant primarily argues that the malpractice and fraud claims are refuted by the fact that the accounting firm was hired to prepare tax returns and other financial statements that documented the loans at issue, and thus that investigating and reporting Kenneth's alleged fraud were beyond its duties.
Plaintiffs' claims, however, are not that defendant was hired to discover Kenneth's wrongdoing, but rather [*3]that information obtained by defendant during its business interactions with Kenneth and information used by defendant in order to prepare tax returns and financial statements put defendant on notice about the impropriety of Kenneth's loans to himself such that defendant had a duty to inform plaintiffs of the questionable payments. The law is very clear that an agreement to perform unaudited services does not shield an accountant from liability because an accountant must perform all services in accordance with the standard of a reasonable accountant under similar circumstances, which includes reporting fraud that is or should be apparent (see 1136 Tenants' Corp. v Rothenberg & Co., 36 AD2d 804 [1st Dept 1971], affd 30 NY2d 585 [1972]; see also William Iselin & Co., Inc. v Mann Judd Landau, 71 NY2d 420, 424-425 [1988]; United States v Natelli, 527 F2d 311, 320-321 [2d Cir 1975], cert denied 425 US 934 [1976]; Blakely v Lisac, 357 F Supp 255, 265-266 [D Or 1972]; Robert Wooler Co. v Fidelity Bank, 330 Pa Super 523, 531-535, 479 A2d 1027, 1031-1033 [1984]).
In addition, "[o]ne who aids and abets a breach of a fiduciary duty is liable for that breach as well, even if he or she had no independent fiduciary obligation to the allegedly injured party, if the alleged aider and abettor rendered 'substantial assistance' to the fiduciary in the course of effecting the alleged breaches of duty" (Caprer v Nussbaum, 36 AD3d 176, 193 [2d Dept 2006] [Where "the accountants had complete knowledge of the misuse of condominium funds, and were indispensable to the board-member defendants in their efforts to conceal the misuse of those funds, the accountants may be held liable for aiding and abetting the breach of fiduciary duty by the board-member defendants"]; see also Operative Cake Corp. v Nassour, 21 AD3d 1020 [2d Dept 2005]). In this case, it is alleged not only that the accountant had knowledge of Kenneth's alleged improper transactions but that he participated in the alleged breaches.
Alternatively, defendant argues that the claims of accounting malpractice and the claims of aiding and abetting fraud are refuted by the fact that the allegedly improper loans were included in the tax returns and financial statements, which plaintiff Ellen had a duty to review. However, while plaintiffs' own negligence in monitoring Kenneth's activities in managing the Diner may have been a factor in enabling Kenneth to continue his alleged fraudulent scheme for several years, the pleadings and documentary evidence submitted do not show that such negligence was the sole proximate cause of the Diner's loss. It has not been established that such negligence impeded defendant's duties to reveal to plaintiffs what it knew about Kenneth's alleged improper conduct regarding the loans (see Collins v Esserman & Pelter, 256 AD2d 754, 757 [3d Dept 1998]; National Sur. Corp. v Lybrand, 256 App Div 226, 235-236 [1st Dept 1939]).
Accordingly, the order of the Supreme Court, [*4]New York County (Andrew Borrok, J.), entered April 26, 2023, which, insofar as appealed from, granted defendant Getzel Schiff & Pesce, LLP's motion to dismiss, should be reversed, on the law, without costs, and the motion denied.
Order Supreme Court, New York County (Andrew Borrok, J.), entered April 26, 2023, reversed, on the law, without costs, and the motion denied.
Renwick, P.J., Webber, Kennedy, Pitt-Burke, Michael, JJ.
Opinion by Renwick, P.J. All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024