Barons Media, LLC v Shapiro Legal Group, PLLC (2025 NY Slip Op 06677)

Barons Media, LLC v Shapiro Legal Group, PLLC

2025 NY Slip Op 06677

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Rosado, Hagler, JJ. 

Index No. 652481/23|Appeal No. 5248|Case No. 2024-02437|

[*1]Barons Media, LLC, Plaintiff-Respondent,
v
Shapiro Legal Group, PLLC, Defendant-Appellant.

Tarter Krinsky & Drogin LLP, New Yor (David Lackowitz of counsel), for appellant.
Haynes and Boone, LLP, New York (Justin R. Bonanno of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered March 8, 2024, to the extent appealed from, denied defendant Shapiro Legal Group, PLLC's motion to dismiss plaintiff's first cause of action for aiding and abetting breach of fiduciary duty claim, without prejudice to renewal based on the disposition of an action commenced by plaintiff in Florida against, inter alia, nonparty KMBR Media (KMBR), unanimously affirmed, with costs.
Plaintiff was a partner in KMBR, a partnership, along with three other entities. The complaint alleges that plaintiff, the three other entities and their individual principals (collectively, the Fiduciaries) were all in a fiduciary relationship with respect to KMBR. The complaint adequately pleaded a claim against defendant for aiding and abetting the Fiduciaries' breach of their fiduciary duty to plaintiff, the elements of which are "(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach" (Schroeder v Pinterest Inc, 133 AD3d 12, 25 [1st Dept 2015] [internal quotation marks omitted]). Plaintiff alleged that defendant formed a new entity, MKB Media, that would exclude plaintiff. Furthermore, the new entity had the same clients and business model as KMBR and utilized KMBR's confidential information, including its client lists, sales scripts, sales processes, business concepts, pricing formulas, pricing terms, and procedures. According to the complaint, defendant was informed by two of the individual Fiduciaries one month before MKB was formed that they intended to dissolve KMBR and form a new entity that would exclude plaintiff, thus gaining the requisite "actual knowledge" of the arrangement (id.).
The complaint also alleged with sufficient particularity that defendant rendered substantial assistance to the Fiduciaries by, among other things, diverting payments to MKB that were owed to KMBR, concealing the payments in discovery, and cutting KMBR off from access to its email system (see Front, Inc. v Khalil, 103 AD3d 481, 483 [1st Dept 2013], affd 24 NY3d 713 [2015]; Shearson Lehman Bros v Bagley, 205 AD2d 467, 467 [1st Dept 1994]).
We have considered defendant's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025